STEPHEN MOORADJIAN'S (dependent's) CASE.

Suffolk.    January 10, 1918. — February 28, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act,* Nature of injury, Dependency.

The death of an employee, which was caused by overheating occasioned by unusually hard labor performed after the end of the ordinary work of the day and in a close and overheated atmosphere, may be found to have resulted from an injury covered by insurance under the workmen's compensation act.

Upon the claim of the alleged dependent widow of a deceased employee under the workmen's compensation act, if it appears that the employee came to this country from Armenia three and a half years before his death and since that time had lived and worked here continuously, while his wife had remained in Armenia, it cannot be found that his wife was living with him at the time of his death, and therefore under St. 1911, c. 751, Part II, § 7, she is not presumed conclusively to have been wholly dependent upon his earnings for support and the question of her dependency must "be determined in accordance with the fact" as it was at the time of her husband's injury.

One who was dependent upon the earnings of a deceased employee for support at the time of his death is not debarred from receiving compensation under the workmen's compensation act by reason of residence in a friendly foreign country. Following *Derinza's Case, ante,* 435.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board awarding compensation to the alleged dependent widow in Armenia of Stephen Mooradjian, who at the time of his injury and death was in the employ of the Parkhill Manufacturing Company, a corporation, his regular employment being in the bleaching room of that company, although at the time of his death he was doing extra overtime work in the dyeing room of that company.

The decision appealed from included the following finding: "The evidence shows that the employee, Stephen Mooradjian, received a personal injury which arose out of and in the course of his employment on June 25, 1914, said personal injury causing his death. The employee left a widow, Shamo Mooradjian, who was living with him at the time of his injury and death, within the legal meaning of the phrase, and she is therefore conclusively presumed to be wholly dependent upon him for support."

The decision concluded as follows: "The board therefore finds, upon all the evidence, that the employee, Stephen Mooradjian, received a personal injury resulting fatally on June 25, 1914, said personal injury arising out of and in the course of his employment; and that his widow, Shamo Mooradjian, who was living with him at the time of his death, is entitled to the payment of a weekly compensation of $4.05 for a period of three hundred weeks from June 25, 1914, the date upon which the injury occurred."

The case was heard by *Fox*, J. The evidence reported is described in the opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board, and the insurer appealed.

The case was submitted on briefs.

*H. S. Avery*, for the insurer.

*A. Z. Goodfellow & J. R. Fuller*, for the dependent widow.

RUGG, C. J. The evidence warranted a finding that the deceased received "a personal injury arising out of and in the course of his employment" by a subscriber under the workmen's compensation act. St. 1911, c. 751, Part II, § 1. He worked in a cotton mill. The material evidence was that on an unusually hot twenty-fifth of June the deceased, having finished for the day his usual rather light labor performed in a room considerably cooler than the out of door temperature, undertook the much more severe, continued and active overtime work of lifting heavy pieces of hot, damp cloth in a moist room (ordinarily ventilated by fans, which had stopped with the end of the regular hours of work), where the temperature was materially higher than out of doors. He worked under this physical strain for about forty minutes. Shortly afterwards his lifeless body was found near a faucet where he had gone to wash his face and hands. Two physicians testified in substance that, in their opinion, the employee died from the

combined effects of a heart weakness, probably a valvular trouble, the exertion of his work in the close room, and the high temperature caused by the heat of the room and the especially hot weather, that he would not have succumbed and met his death with either of these factors absent and that all were contributing causes.

As has been repeatedly pointed out in opinions of this court, our workmen's compensation act differs from many other similar statutes in that the injury need not be an accident. The death in the case at bar might well have been found to have resulted from overheating arising from unusually hard labor, after the end of the ordinary work of the day, performed in a close and superheated atmosphere. In principle the case is indistinguishable from *McPhee's Case,* 222 Mass. 1, *Madden's Case,* 222 Mass. 487, *McManaman's Case,* 224 Mass. 554. A physical impact is not an essential prerequisite to a personal injury under the act. *Brightman's Case,* 220 Mass. 17. A direct causal connection might have been found to exist between the conditions under which the kind of labor was performed by the employee and his decease. *McNicol's Case,* 215 Mass. 497.

The finding, that the wife of the deceased was living with him at the time of his death and hence conclusively presumed to be totally dependent upon his earnings for support, cannot stand. He came to this country from Armenia three and a half years before his death, and since had worked and lived here continuously. His wife remained in Armenia and lived there. They were not living together. *Nelson's Case,* 217 Mass. 467. *Gorski's Case,* 227 Mass. 456. *Derinza's Case, ante,* 435.

The question of the wife's dependency must "be determined in accordance with the fact" as it was at the time of the injury to the husband. Part II, § 7, last paragraph. *McDonald's Case, ante,* 454.

The wife is not debarred from receiving compensation under the act by reason of the fact that she is a non-resident alien. *Derinza's Case, ante,* 435.

The decree is reversed. The case must be remanded for further consideration by the Industrial Accident Board.

*So ordered.*