## PATRICK FARREN'S CASE.

Suffolk. November 15, 16, 1934. — April 29, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act*, Report of impartial physician, Appeal.

An order by the Industrial Accident Board that the report of an impartial physician be struck from the record in proceedings under the workmen's compensation act should not be reversed by this court on appeal even though a portion of the physician's opinion was based on information obtained from proper sources and upon his independent judgment, where it appeared from the report that he also had considered information obtained from improper sources and it was impossible to determine to what extent his opinion was influenced thereby, especially where the appellant had not raised properly the point whether that part of the opinion which was based on information obtained from proper sources could be allowed to remain in the record and the rest of the report be expunged therefrom.

In proceedings under the workmen's compensation act, the circumstance, that an impartial physician included in his report a recital of a conversation with one who had shown him the place where the employee

worked and comments on the testimony of an expert witness who had testified at hearings in the proceedings, was sufficient to justify striking the report from the record thereof.

In the circumstances, it could not be said that "the whole cost of . . . proceedings" under the workmen's compensation act should be assessed on the insurer under G. L. (Ter. Ed.) c. 152, § 14, on the ground that it had prosecuted an appeal to this court "without reasonable ground," although, a few weeks after the entry of the decree from which the appeal was taken, it appeared that the decree was proper under a decision then made by this court in another case.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

By order of *Swift*, J., a decree in accordance with the board's decision was entered. The insurer appealed.

*H. B. White*, for the insurer.

*S. B. Horovitz*, (*B. A. Petkun* with him,) for the claimant.

RUGG, C.J. The employee worked for The Cudahy Packing Company about twenty-two years. The reviewing board found that he sustained an injury arising out of and in the course of his employment because his work exposed him to the inhalation of irritating vapors and to marked changes in temperature, and that thereby his tubercular condition was aggravated and its process hastened so that he was totally incapacitated for work much sooner than he otherwise would have been. Compensation was awarded him for total incapacity from March 1, 1933, and continuing subject to the provisions of the workmen's compensation act. Decree in accordance with this finding and decision was entered in the Superior Court, from which the insurer appealed. No contention is now made that the finding that the employee received an injury arising out of and in the course of his employment, which caused some disablement, was erroneous as matter of law. That must be regarded as established. *Minns's Case*, 286 Mass. 459. *McPhee's Case*, 222 Mass. 1. *Wentworth's Case*, 284 Mass. 479.

The only question argued by the insurer is that there was error in striking from the record the supplemental report of the impartial physician. The single member found

that, although the employee sustained an injury which arose
out of and in the course of the employment, he was totally
incapacitated as a result thereof from March 1 only until
December 1, 1933, that on the latter date all incapacity
resulting from the injury ceased and that his incapacity
subsequently to that date was due to the natural progress
of his disease. That finding was supported by the second
report of the impartial physician. That report was pref-
aced by a statement that it was based on a reading of a
transcript of the evidence at the hearing and an inspection
of the plant where the employee worked. It contains a
recital of conversation held with the man who showed him
the rooms where the employee worked, a description of
the conditions of labor, a narration of experiments made by
him with apparatus at the plant of the employer, a state-
ment that the works were not then in operation, and com-
ments on testimony of an expert witness called by the
insurer. It concludes with the expression of opinion that
the work of the employee "aggravated the lung condition,
made it more active, and produced total incapacity some-
what sooner than it would have appeared had he been
doing work which required no more physical exertion and
which, furthermore, did not expose him to marked changes
in temperature and the inhalation of irritating vapors.
Although the degree of aggravation is problematical,
nevertheless, I believe that this has been compensated for
by the period of rest and hospitalization. I am basing this
last opinion upon his age (50), and the length of time he had
been engaged on this job, and also the statement he made
to me that the smoke, etc., did not bother him much until
the last part of his working period." The request of the
employee that the objectionable parts of this report be
stricken from the record was denied by the single member,
and an exception was saved. The reviewing board, by
findings and decision filed in February, 1934, struck this
supplemental report from the record and found that the
employee suffered total incapacity from March 1, 1933,
and continuing to the date of the decision. The striking
out of the latter part of this opinion is objected to by

the insurer because (as is argued) it appears not to be influenced by information obtained from improper sources but is based upon his independent judgment. There is much force in this contention. The insurer did not properly raise the point whether that part of the report could be expunged and the rest remain in the case. It is impossible to say how far the incompetent factors considered by the impartial physician may have affected his final conclusion. *Percoco's Case*, 273 Mass. 429, 431. *Blosck's Case*, 277 Mass. 451. The conversations with the man at the plant and the comments on the testimony of another physician were enough to justify the striking out of the supplemental report. The case at bar, although distinguishable in some details from *Minns's Case*, 286 Mass. 459, is nevertheless governed by the principle there stated.

A stipulation signed by the attorneys has been filed that the employee died on August 1, 1934, that the insurer paid the employee $18 weekly in accordance with the decree up to the time of his death, and that "neither party will raise any question with relation to the failure to take out administration in this case, so far as this action before the full court is concerned." *Minns's Case* was decided on May 26, 1934, which was about four weeks after the entry of the decree in the case at bar. It is urged in behalf of the employee that this appeal has been prosecuted by the insurer "without reasonable ground" and that therefore "the whole cost of the proceedings" ought to be assessed upon the insurer. G. L. (Ter. Ed.) c. 152, § 14. In all the circumstances the case at bar, in our opinion, does not call for the application of that section.

*Decree affirmed.*