HENRY H. SMITH's (dependent's) CASE.

Worcester.    September 24, 1940. — December 10, 1940.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

Incapacity from tuberculosis contracted through inhalation of germs in ordinary respiration by an employee working in the tubercular ward of a hospital was not due to a "personal injury" within the workmen's compensation act and was not compensable thereunder.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board.

The city of Worcester appealed from a decree entered by order of *T. J. Hammond,* J.

*P. R. O'Connell*, Assistant City Solicitor, (*W. D. Allen*, City Solicitor, with him,) for the city of Worcester.

*J. H. Meagher, Jr.*, for the claimant.

LUMMUS, J.   The employee was in the service of the city of Worcester.   From March 1, 1932, until his death from tuberculosis on January 19, 1938, he was employed at a municipal hospital for contagious diseases called the Belmont Hospital.   At times he worked in the tubercular ward, taking meals to the patients, removing their dishes, and burning their sputum boxes.   In 1934, it could be found, he contracted tuberculosis.   No means of infection other than inhalation of germs was shown.   The single member and the reviewing board found that the employee had received a personal injury arising out of and in the course of his employment and awarded compensation to his widow. The Superior Court entered a decree for the claimant accordingly.   The city appealed.

Our act requires only a personal injury, not personal injury by accident.   "It awards compensation for disease when it rightly may be described as a personal injury. A disease of mind or body which arises in the course of employment, with nothing more, is not within the act. It must come from or be an injury, although that injury need not be a single definite act but may extend over a continuous period of time.   Poisoning, blindness, pneumonia, or the giving way of heart muscle, all induced by the necessary exposure or exertion of the employment, fall within well recognized classes of personal injuries. . . . The disease must be, or be traceable directly to, a personal injury peculiar to the employment." *Maggelet's Case*, 228 Mass. 57, 61.   Pneumonoconiosis is a personal injury, "the tangible impact of particles of granite upon the lungs of the employee producing definite damage to his body." *Sullivan's Case*, 265 Mass. 497, 499.   *Crowley's Case*, 287 Mass. 367, 371.   *Wnukowski's Case*, 296 Mass. 63, 65. Poisoning caused by inhalation of, or dermatitis caused by contact with, materials used in the work or fumes produced by the work, results from a personal injury.   *Hurle's Case*, 217 Mass. 223.   *Bergeron's Case*, 243 Mass. 366.

*Panagotopulos's Case*, 276 Mass. 600, 604. *Johnson's Case*, 279 Mass. 481. *Wentworth's Case*, 284 Mass. 479. *Rodrigues's Case*, 296 Mass. 192. *Robinson's Case*, 299 Mass. 499. A heart attack induced by the exertions of the employment is a personal injury. *Madden's Case*, 222 Mass. 487. *Mooradjian's Case*, 229 Mass. 521.

In some cases germs of disease have played a part in what has been held to be a personal injury. Inhalation of damp smoke and drenching with water resulting in lobar pneumonia were held a personal injury in *McPhee's Case*, 222 Mass. 1, 5. The inhalation of dust or irritating vapors and exposure to marked changes in temperature, which caused a tubercular condition to become active, have been held a personal injury. *Minns's Case*, 286 Mass. 459. *Farren's Case*, 290 Mass. 452. Erysipelas resulting from abrasions caused by a fall was held compensable in *Bagley's Case*, 256 Mass. 593.

In the present case we must decide whether germs of disease, present because of the employment, result in personal injury when they are inhaled by an employee and perform their function of producing disease.

If they do, little scope would remain for application of the principle, laid down in a number of cases, that disease unaccompanied by personal injury is not compensable under the workmen's compensation act. *Maggelet's Case*, 228 Mass. 57, 63. *Pimental's Case*, 235 Mass. 598, 602. *Sullivan's Case*, 265 Mass. 497, 499. *Wentworth's Case*, 284 Mass. 479, 483. *Minns's Case*, 286 Mass. 459, 463. Every common cold, to say nothing of other diseases, acquired by one employee through proximity to another while at work, would be a personal injury within the act.

The distinction between personal injury and germ disease must be drawn for the purposes of the workmen's compensation act in accordance with common understanding as revealed in common speech. The two concepts at times may overlap. But when the disability has no cause connected with the employment except the presence, due to the employment, of germs of disease, and those germs find lodgment in the system only through the normal and natural

process of respiration or inhalation, we think that there is disease, and not personal injury within the meaning of the act. See *Connelly* v. *Hunt Furniture Co.* 240 N. Y. 83, 85, 86, 39 Am. L. R. 867, 869; *Chase* v. *Business Men's Assurance Co.* 51 Fed. (2d) 34; *O'Brien* v. *Massachusetts Bonding & Ins. Co.* 64 Fed. (2d) 33; *Burns* v. *Employers' Liability Assurance Corp. Ltd.* 134 Ohio St. 222, 117 Am. L. R. 733. Beyond that the present case does not require us to go.

The present case is not governed by *H. P. Hood & Sons* v. *Maryland Casualty Co.* 206 Mass. 223, although that case has been cited for its bearing upon the meaning of the words "personal injury" in workmen's compensation cases. *Hurle's Case*, 217 Mass. 223, 225. *Johnson's Case*, 217 Mass. 388, 390. In that case the defendant insured the plaintiff against liability for damages for "bodily injuries" accidentally suffered by an employee. An employee contracted glanders while caring for a horse which suffered from that disease, and recovered judgment against the plaintiff in an action of tort for negligently putting him to work without warning him of the danger. The plaintiff was held entitled to recover against the insurer. It is to be noticed that the policy was a liability policy, in which the general intention is to give protection as wide as the danger. Moreover, the report of the trial judge in that case showed that glanders is usually communicated to man through some slight wound or abrasion of the skin of the hands. In *Brintons, Ltd.* v. *Turvey*, [1905] A. C. 230, where an employee was held to suffer personal injury in contracting anthrax from wool, the channel of infection was the eyeball. In *Innes* v. *Kynoch*, [1919] A. C. 765, the channel of infection was an abrasion of the leg.

In the present case there is no evidence that the channel of infection was other than the nose and mouth into which the germs were carried by the natural act of respiration. In our opinion the employee suffered from and died of disease, not personal injury.

*Decree reversed.*
*Decree for the city of Worcester.*