RILLA DESTEFANO *vs.* ALPHA LUNCH COMPANY OF BOSTON.

MARY VAIDA *vs.* SAME.

Suffolk.    November 7, 1940. — January 3, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

An employee of the proprietor of a restaurant, insured under the workmen's compensation act, who received his meals as part of his pay, sustained a personal injury arising out of and in the course of his employment within the provisions of the act when he contracted trichinosis from food eaten in the restaurant; and, not having reserved his common law rights under the act, he could not maintain an action at law against his employer.

TWO ACTIONS OF CONTRACT. Writs in the Municipal Court of the City of Boston dated May 10, 1939.

There was a finding for each plaintiff by *Tomasello, J.*, in the sum of $1,000. Upon a consolidated report, the Appellate Division ordered judgments entered for the defendant. The plaintiffs appealed.

*E. S. Tyler*, for the plaintiffs.

*R. W. Cornell*, for the defendant.

LUMMUS, J. The plaintiffs in these actions for breach of the implied warranty of fitness of food under G. L. (Ter. Ed.) c. 106, § 17 (1) (*Schuler* v. *Union News Co.* 295 Mass. 350) are sisters who worked for the defendant, every day except Sunday, in one of its restaurants in Boston. Each

took two meals a day, except Sunday, at the restaurant. These meals were valued by the parties at $3 a week, and the only difference in the testimony is that each of the plaintiffs stated her weekly pay as a certain number of dollars from which the sum of $3 was deducted for the meals, while the manager of the defendant's restaurant in which they worked stated the weekly pay of each as a sum $3 less, plus meals. If they should fail to take all the meals to which they were entitled, they would receive no more money. They went for their meals to the restaurant counter, like ordinary customers of the defendant, but at times not within their working hours. It must be taken that their meals formed part of their pay.

Both plaintiffs became ill about Sunday, June 20, 1937, with what proved to be trichinosis, a disease caused by living parasites found in nothing commonly used as food except insufficiently cooked meat of the pig. Trichinae mate and propagate in the body, and their young burrow in the tissues and cause illness which is relieved only by their becoming encysted and thus made comparatively though not completely harmless. The evidence was that a period of from three days to a week elapses between the time of eating infested meat and the time the disease is observed. During the two weeks preceding the onset of the disease the plaintiffs testified that they ate pork and other products of the pig at the defendant's restaurant, and nowhere else. The plaintiffs were confined for some time in a hospital, and were disabled for more than a month.

Passing without discussion the question of notice under G. L. (Ter. Ed.) c. 106, § 38, that has been argued, we come to the question whether the introduction into the body of trichinae which caused illness constituted, under the circumstances of this case, a "personal injury" under the workmen's compensation act, G. L. (Ter. Ed.) c. 152, § 26, and one "arising out of and in the course of his employment" within the same section. The defendant was insured under that act, and the plaintiffs had made no reservation of common law rights under § 24.

What happened to the plaintiffs constituted a "personal

injury" within the workmen's compensation act. It differed from the inhalation of germs of disease, illustrated by *Smith's Case*, 307 Mass. 516. It resembled more the cases of poisoning therein cited, and *Osterbrink's Case*, 229 Mass. 407, where the employee drank muriatic acid by mistake for water.

Likewise, what happened to the plaintiffs constituted a personal injury "arising out of and in the course of . . . [their] employment." True, they were not working for the defendant while eating. But their meals were part of their pay, and so were connected with their employment. The risk of injury in the eating of the meals was in principle like the risk of injury in the collection of their pay in money or in other benefits. Where one of the benefits promised to an employee by the terms of the employment is transportation to or from work, an injury during that transportation has been held to arise "out of and in the course of his employment." *Higgins's Case*, 284 Mass. 345, 348, and cases cited. *Milliman's Case*, 295 Mass. 451, 453. *Caira v. Caira*, 296 Mass. 448, 449. See also *Sylvia's Case*, 298 Mass. 27. In our opinion the personal injury to the plaintiffs arose out of and in the course of their employment. Our conclusion is supported by decisions in other jurisdictions. *Elson v. Morhen Inn, Inc.* 150 Misc. (N. Y.) 540. *Meyer v. Roettele*, 64 S. D. 36. *Mittun v. Christian Salvesen & Co.* 26 B. W. C. C. Sup. 117. *Leary v. S. S. "Deptford"*, 28 B. W. C. C. 235.

Since the injury was compensable under the workmen's compensation act, it will not support an action against the employer at law, whether in tort or in contract, or whether or not based upon a statute. G. L. (Ter. Ed.) c. 152, § 24. *Young v. Duncan*, 218 Mass. 346. *White v. George A. Fuller Co.* 226 Mass. 1. *White v. E. T. Slattery Co.* 236 Mass. 28. *Zygmuntowicz v. American Steel & Wire Co. of New Jersey*, 240 Mass. 421. *Gillard's Case*, 244 Mass. 47, 54–55. *Pierce's Case*, 267 Mass. 208, 211. *Conlon v. Lawrence*, 299 Mass. 528, 531. *Donovan v. Johnson*, 301 Mass. 12. *Alecks's Case*, 301 Mass. 403. The Appellate Division rightly ordered judgments for the defendant, and its order is

*Affirmed.*