JOSEPH BEAUDETTE'S CASE.

Worcester.    September 27, 1943. — October 29, 1943.

Present: FIELD, C.J., DONAHUE, QUA, & DOLAN, JJ.

*Workmen's Compensation Act*, Industrial disease referees, Nature of claim.

Neither a claim for compensation, filed with the Industrial Accident Board under § 49 of G. L. (Ter. Ed.) c. 152, and stating as the cause of injury "contact with material used in employee's work" and as the nature of injury "injury to nerves," nor any circumstances shown at the time of filing, disclosed a claim of disability "as a result of an injury by industrial disease" under § 9B of said chapter as appearing in St. 1938, c. 462, and therefore a purported appointment of industrial disease referees was beyond the authority of the board and a report by the appointees was without effect.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board dismissing a claim for compensation.

A decree was entered by order of *Broadhurst*, J., in accordance with the board's decision. The claimant appealed.

*S. Perman*, for the claimant.

*G. R. Stobbs & L. E. Stockwell*, for the insurer, submitted a brief.

QUA, J. The decisive question is whether the first and supplemental reports of persons purporting to act as industrial disease referees were controlling, as the board ruled they were, upon the issue whether the employee's condition resulted from his work.

General Laws (Ter. Ed.) c. 152, § 9B, as inserted by St. 1935, c. 424, and amended by St. 1938, c. 462, provides in part that where, "at the time of filing a claim for compensation, an employee is claiming to be disabled as a result of an injury by industrial disease" one or more members of the board may appoint three impartial physicians as industrial disease referees, who shall examine the employee, may consider and study all pertinent medical and hospital records and other information submitted to them by said member or members, may inspect the place of employment and make such further investigation as they deem necessary, and "shall make to the department a complete report, which shall include the results of their study, together with their diagnosis and their opinion as to the extent and cause of disability, if any." It is further provided that the report "shall be binding on the parties." On November 28, 1941, the employee filed the claim for compensation in writing required by § 49, wherein he stated the date of his injury as "on or about December 1940," the cause of his injury as "contact with material used in employee's work," and the nature of his injury as "injury to nerves." The impartial referees reported a diagnosis of "Psycho-neurosis," not due to "contact with material used in employee's work" and further reported in their original and in their second supplemental reports that although the employee was totally incapacitated at the times of those reports, "the in-

capacity is not due to the condition claimed to be due to work." The board admitted the reports of the referees as evidence, rejected evidence offered by the employee tending to contradict "the conclusions" of the referees on the ground that under the statute the reports of the referees were "binding," and dismissed the claim.

There was error. Under the statute the board is authorized to appoint industrial referees only where "at the time of filing a claim . . . an employee is claiming to be disabled as a result of an injury by industrial disease." In our opinion a claim of "injury to nerves" caused by "contact with material used in employee's work" cannot, without more, be construed as a claim of injury by industrial disease. A claim in these words is more naturally construed as pointing toward some specific nerve injury by trauma or as the direct result of physical contact rather than as pointing toward that kind of impairment of bodily health which is properly described as disease. See *Hogan* v. *Metropolitan Life Ins. Co.* 164 Mass. 448, 449; *Hurle's Case*, 217 Mass. 223; *Madden's Case*, 222 Mass. 487; *Maggelet's Case*, 228 Mass. 57, 61, 62; *Pimental's Case*, 235 Mass. 598, 601, 602; *Smith's Case*, 307 Mass. 516, and cases cited. But even if a claim of some form of disease of the nerves resulting from personal injury as distinguished from personal injury without disease might sometimes fairly be comprehended within these words, their meaning is not restricted to such a claim, and there is nothing in them to show that such a claim was intended in this instance. There is nothing in the record outside of the written statement of claim to indicate that at the time of the filing of the statement the employee was "claiming to be disabled as a result of an injury by industrial disease" rather than as the result of an injury without industrial disease, if we assume, without deciding, that the nature of the employee's claim "at the time of filing" can ever be determined by evidence outside of the formal written statement of claim required by the act to be filed.

Since there is nothing in the record to show that "at the time of filing . . . [the] claim for compensation," the employee was "claiming to be disabled as a result of an injury

by industrial disease," this does not appear to be a case in which the board had any authority under § 9B to appoint industrial referees. The reports of the purported referees were therefore null and without effect and should have been excluded altogether, and the employee should have been permitted to proceed with the proof of his claim by any pertinent and competent evidence. See *Latorre's Case*, 302 Mass. 24, 28.

Other questions as to the construction and effect of § 9B need not now be considered.

The decree is reversed, and the case is to be recommitted to the Industrial Accident Board for further proceedings consistent with this opinion.

*Ordered accordingly.*