## JEANNETTE MERCIER'S CASE.

Suffolk.    October 7, 1943. — December 27, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Nature of claim, Industrial disease referees. *Proximate Cause.*

Evidence warranted a finding that an employee of a tuberculosis hospital sustained a personal injury which arose out of and in the course of her employment within the provisions of the workmen's compensation act when, due to a series of colds, fatigue from overwork, exposure, and other conditions incident to her employment, a quiescent or arrested type of tuberculosis which she had previous to her employment became active, causing disability.

The mere fact that a claim filed under the workmen's compensation act by an employee of a tuberculosis hospital set forth that "by reason of contact with tubercular patients" she had "developed pulmonary tuberculosis," did not vitiate a warranted finding by the Industrial Accident Board of a compensable injury due to the fact that fatigue from overwork, exposure and other conditions under which the employee worked caused the awakening of a quiescent type of tuberculosis which she had had when she entered employment, where the insurer did not contend that the employee had sought to mislead it or that it had been misled by the form of the claim, nor otherwise question the sufficiency of the claim.

The Industrial Accident Board had no authority under G. L. (Ter. Ed.) c. 152, § 9B, as appearing in St. 1938, c. 462, to appoint industrial disease referees, where the claim of the employee, an attendant nurse at a tuberculosis hospital, set forth merely that she "developed pulmonary tuberculosis" "by reason of contact with tubercular patients"; a report by such referees was nugatory and should be disregarded.

CERTIFICATION to the Superior Court in proceedings under the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

The decree, described in the opinion, recommitting the case to the Industrial Accident Board, was by order of *Williams*, J., and the final decree was by order of *Brogna*, J.

*A. K. Carey*, (*G. V. Mottla* with him,) for the claimant.

*W. W. Jump*, for the insurer.

RONAN, J. The only question submitted to the Industrial Accident Board was whether the employee sustained an injury arising out of and in the course of her employment, and the sole question argued on this appeal is whether the evidence was sufficient to show that she did.

The single member found that when the employee entered the employ of the Essex County Sanatorium, a hospital treating only patients suffering from tuberculosis of the lungs, as an attendant nurse in January, 1936, she submitted to an examination for the presence of tuberculosis which was negative except for a positive reaction to a so called skin test, which indicated that prior to her employment she had to some degree an active type of tuberculosis which had become arrested or quiescent; that in the last part of 1939 and the first half of 1940 she was compelled to work harder on account of a shortage of help at the hospital; that in February, 1940, on leaving the hospital to go to the nurses' home, which was conducted by the hospital, she was compelled to walk through snow up to her knees; that when she reached the nurses' home it was much colder there than usual; that this experience was followed immediately by a chest cold which lasted for about a week; that "she felt tired and nervous and her work bothered her"; that in April and May she suffered from other colds but on account of extra work at the hospital and shortage of labor continued to work, wearing a mask when she had a call; that the rooms of the patients were kept at outdoor temperature while other parts of the hospital were heated; and that her work compelled her to go frequently from heated parts of the hospital to the rooms of the patients and this exposed her to sudden and marked changes in temperature. He found that the experience of walking through the snow and the incidents subsequent thereto, already recited, contributed in developing a quiescent type of tuberculosis into one of activity,

producing total incapacity somewhat sooner than it would otherwise have occurred; that the nature of the employee's work since February brought about her total disability on July 10, 1940; and that this disability was causally connected with her employment and was caused by an injury which arose out of and in the course of her employment, that is, the necessary exposure and exertion of her employment from February, 1940, to July 10, 1940.

These findings were based upon the testimony of the employee and that of her physician. Even if there were portions of his testimony that were unfavorable to her, there was no error of law committed by the member or by the reviewing board, which adopted his findings, if they refused to accept as true such parts of his testimony. It is the function of the fact finding tribunal to accept testimony that it deems worthy of credence. *Jameson's Case,* 254 Mass. 371. *Lopes's Case,* 277 Mass. 581. The findings were supported by the evidence and cannot be disturbed on appeal.

An employee usually is not entitled to compensation under the workmen's compensation act unless he shows that his disability was caused by an injury which arose out of and in the course of his employment. The inhalation of damp smoke and the drenching with water while engaged in extinguishing fire, and the inhalation of poisonous or irritating fumes, or of dust, have been regarded as personal injuries, and a disability due to a disease caused by such an injury or to the aggravation of a preëxisting disease is compensable. *Hurle's Case,* 217 Mass. 223. *McPhee's Case,* 222 Mass. 1. *Minns's Case,* 286 Mass. 459. *Farren's Case,* 290 Mass. 452. But the act contains no provision for the payment of compensation for disability due to disease unconnected with a personal injury which arose out of and in the course of employment. Disease unaccompanied by such a personal injury is not compensable. *Maggelet's Case,* 228 Mass. 57. *Sullivan's Case,* 265 Mass. 497. Tuberculosis originating in the inhalation by a nurse of germs of this disease while attending tubercular patients is a disease and not a personal injury. *Smith's Case,* 307 Mass. 516. *DeStefano* v. *Alpha Lunch Co. of Boston,* 308 Mass. 38.

The nature of the employment of a nurse attending tubercular patients is such that the hazard of contracting the disease might well be found to be inherent in the employment, but, as the law was at the time the employee incurred her disability, she did not show an injury under the workmen's compensation act if the tuberculosis had its origin in germs which she encountered while performing her duties. If the disease originated in this manner, she would not be entitled to compensation for any disability due to it, and this would be true whether her health was sound when she contracted the disease or her power of resistance was then so low that the disease developed more rapidly than it otherwise would. On the other hand, if the employee had already contracted tuberculosis before she entered the employment and the disease was then dormant, but, due to a series of colds caused by conditions under which she performed her work, the frequent exposure to sudden and great changes in temperature in working in different rooms and overwork, her power of resistance became so diminished that her preëxisting tuberculosis became active and rendered her incapable of further work, then a causal connection between the employment and injury has been shown. It is true that there was a variance between the case proved and the case described in the claim for compensation; but it being conceded that the employee was suffering from tuberculosis, the only issue tried and heard was as to the origin of the disease. Upon the facts found by the board, the situation was the same as if the employee was working in a hospital that did not treat tubercular patients, and on those facts the employee was entitled to compensation. *Madden's Case*, 222 Mass. 487. *Crowley's Case*, 223 Mass. 288. *Mooradjian's Case*, 229 Mass. 521. *Glennon's Case*, 236 Mass. 542. *Colantueno's Case*, 275 Mass. 1. *Farren's Case*, 290 Mass. 452.

The record states that the claim for compensation set forth "that the employee by reason of contact with tubercular patients developed pulmonary tuberculosis." There was a difference between the cause of disease as stated in the claim and that proved at the hearings. There was no con-

tention that the employee intended to mislead the insurer or that the latter was misled by this inaccuracy. Indeed, no objection was made at any time to the sufficiency of the claim. Both parties proceeded to a hearing upon the merits. The form of a notice or of a claim may be waived. *Mallory's Case*, 231 Mass. 225. *Fennell's Case*, 289 Mass. 89. In any event, no question concerning the claim is open. Perhaps, if the inaccuracy in the claim had been brought to the attention of the board, it might have been cured by amendment. General power to hear and determine whether an employee has received an injury arising out of and in the course of his employment was conferred upon the board, G. L. (Ter. Ed.) c. 152, § 26, and power to proceed and decide a case which on the merits came within the act was not lost on account of an inaccuracy in the statement of the claim. See *Oulighan* v. *Butler*, 189 Mass. 287, 289; *Mitchell* v. *Mitchell*, 312 Mass. 154, 164.

The single member, purporting to act under G. L. (Ter. Ed.) c. 152, § 9B, inserted by St. 1935, c. 424, and amended by St. 1938, c. 462, appointed three industrial disease referees. They filed two reports. After the case was entered in the Superior Court, the judge recommitted the case to the board to enable it to obtain from the referees a final definite opinion as to the cause of the employee's disability. A third report was made by the referees and a certified copy was filed in the Superior Court, where a final decree was then entered dismissing the claim on the ground that the employee "did not receive a personal injury within the workmen's compensation act."

The member or the board had no authority to appoint industrial disease referees except in a case "where, at the time of filing a claim for compensation, an employee is claiming to be disabled as a result of an injury by industrial disease." G. L. (Ter. Ed.) c. 152, § 9B. The only claim filed by the employee was to the effect that she had contracted tuberculosis by reason of contact with tubercular patients, and there was no evidence that at that time she was claiming to be disabled on account of tuberculosis that originated in any other source. The claim, so far as the record dis-

closes, made no mention whatever of any injury. All that the claim showed was an impairment of her health due to a disease contracted from her patients. At the time the claim was filed, a distinction between an injury and a disease had always been observed in cases arising under the workmen's compensation act. *Hurle's Case,* 217 Mass. 223. *Maggelet's Case,* 228 Mass. 57. *Pimental's Case,* 235 Mass. 598. *Sullivan's Case,* 265 Mass. 497. *Wentworth's Case,* 284 Mass. 479. *Minns's Case,* 286 Mass. 459. *Smith's Case,* 307 Mass. 516. *Beaudette's Case,* 314 Mass. 728. That distinction in so far as it related to "infectious or contagious diseases if the nature of the employment is such that the hazard of contracting such diseases by an employee is inherent in the employment" has been eliminated by St. 1941, c. 437, amending G. L. (Ter. Ed.) c. 152, § 1, for the contracting of such diseases is now made a "Personal injury" within the workmen's compensation act. The question we are here concerned with is, therefore, not likely to arise again.

The claim fairly construed in the light of the law existing at the time it was filed must be held to have set forth a disability due to a disease and not to an injury. Nothing more was claimed than the contraction of an infectious disease communicated to her from her patients. It has recently been held that a claim for injury caused by "contact with material used in employee's work" which resulted in "injury to nerves" could not be construed as a claim of injury by disease. *Beaudette's Case,* 314 Mass. 728. In that case the claim was for an injury and not an industrial disease, while here the claim is for a disability caused not by an injury but by a disease. The reports of the medical referees were of no effect and had no probative force. *Beaudette's Case,* 314 Mass. 728, 731.

It follows that the case ought not to have been recommitted to the board to secure a third report of the referees and the reports of the referees should not have been considered when the case was again submitted to the Superior Court, and that upon the facts found by the board the employee was entitled to a decree in accordance with the award

made by the board. The decree dismissing the claim must be reversed, and a new decree in favor of the employee must be entered.

*Ordered accordingly.*