## BLANCHE CHARON'S CASE.

Berkshire.     September 16, 1947. — November 4, 1947.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Workmen's Compensation Act*, Injury to which act applies. *Proximate Cause. Words,* "Personal injury."

Incapacity of an employee, due to paralysis of his left side directly traceable solely to fright caused by noise and a flash of light accompanying the blowing out of electric motors induced by a bolt of lightning striking the employee's place of work, was compensable under the workmen's compensation act.

On evidence that, when an employee sustained an injury, he was not actually engaged in performance of his duties but was eating his lunch on his employer's premises as permitted by the employer, a finding was warranted that the injury arose out of and in the course of his employment.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board.

The case was heard by *Burns*, J.

*J. N. Alberti*, (*B. Lenhoff* with him,) for the claimant.

*M. J. Aldrich*, (*A. E. Quimby* with him,) for the insurer.

RONAN, J. This is a proceeding under the workmen's compensation act to secure an award of compensation for injuries received by the employee under the following circumstances. A severe storm occurred while the employee was eating her lunch at the machine at which she worked on the first floor of a four-story mill building. Lightning struck the roof and followed the sprinkler system to the first floor where it burned out or blew out three motors, causing a loud noise and a considerable flash of light, frightening the employees, and producing such a shock to the claimant that she sustained a hemiplegia or paralysis of her left side. The reviewing board found that the hemiplegia was directly traceable to the fright caused by the blowing out of the motors, accompanied by the noise and flash of light which were induced by the bolt of lightning, and that the harm sustained by her constituted a personal injury which arose out of and in the course of her employment. The board awarded her compensation. The employee appealed from a decree of the Superior Court dismissing her claim.

The employee was not struck by lightning or by any physical object. The harm she sustained was caused solely by the sudden shock or fright suffered when the lightning blew out the motors. There was evidence that as a result of her fright she suffered a paralysis of her left side so extensive as to deprive her of gainful employment. We do not understand that the insurer contends that she did not sustain a personal injury. Its contention is that an injury "traceable directly to fright" is not compensable under the workmen's compensation act. It relies upon the principle that there can be no recovery at common law in an action of tort for negligence for an injury due entirely to fright, terror, alarm, anxiety, or some other form of mental disturbance. It is urged that *Spade* v. *Lynn & Boston Railroad*, 168 Mass. 285, and many subsequent decisions follow-

ing it bar an award of compensation. It is, however, to be noted that the case cited expressly concedes that the plaintiff had in fact sustained a personal injury from fright or nervous shock but denies recovery simply on the ground stated at page 290 "that it is unreasonable to hold persons who are merely negligent bound to anticipate and guard against fright and the consequences of fright; and that this would open a wide door for unjust claims, which could not successfully be met." [1]

The right of an injured employee to receive compensation is defined in and measured by the statute which creates the right. General Laws (Ter. Ed.) c. 152, § 26, as appearing in St. 1943, c. 529, § 8, provides that "If an employee . . . receives a personal injury arising out of and in the course of his employment . . . he shall be paid compensation by the insurer or self-insurer, as hereinafter provided." The words "personal injury" are to be given their ordinary meaning. This statute does not in terms or by implication exclude an injury causally connected with the employment merely because the injury was not occasioned by physical impact or the application of some form of external violence to the body. The quoted words have been construed as not limited to such injuries as are caused by contact with some physical object, *Hurle's Case*, 217 Mass. 223, 225, *Johnson's Case*, 217 Mass. 388, *Burns's Case*, 218 Mass. 8, 12, *Madden's Case*, 222 Mass. 487, 489, 492, *Sullivan's Case*, 265 Mass. 497, 499, *Crowley's Case*, 287 Mass. 367, 373, 374, *Smith's Case*, 307 Mass. 516, 517, 518; and awards have been held to have been properly made, as here, for a personal injury not attributable to any physical impact. See, for example, *Brightman's Case*, 220 Mass. 17; *McPhee's Case*, 222 Mass. 1; *Mooradjian's Case*, 229 Mass. 521; *Bergeron's Case*, 243 Mass. 366; *Johnson's Case*, 279 Mass. 481; *Zucchi's Case*, 310 Mass. 130; *Griffin's Case*, 315 Mass. 71; *Mercier's Case*, 315 Mass. 238.

---

[1] For a collection of cases discussing the doctrine of the *Spade* case see *Freedman* v. *Eastern Massachusetts Street Railway*, 299 Mass. 246, 249, to which should be added *Wheeler* v. *Balestri*, 304 Mass. 257, and *Holland* v. *Good Brothers, Inc.* 318 Mass. 300.

The principle enunciated in the *Spade* case cannot be extended to cases arising under the workmen's compensation act. The present proceeding is not one brought for an assessment of damages for pain and suffering due to a personal injury, as was the *Spade* case, but is a proceeding created by our statutes enacted for the purpose of ameliorating the economic plight of an employee injured in the course of and on account of his employment, or of his dependents if death ensues from his injury, by imposing upon industry the obligation to pay to him weekly payments at rates based upon his wages during the period he is disabled or, if his injuries were fatal, to his dependents in the amounts and during the period prescribed by the act. Ordinarily compensation is awarded for incapacity to earn and not for the injury as such. *Devine's Case*, 236 Mass. 588, 592 *et seq.* *Ahmed's Case*, 278 Mass. 180, 184. Liability to make payments is not based upon negligence of the employer, and negligence of the employee not amounting to serious and wilful misconduct is no bar to an award of compensation. *Gilbert's Case*, 253 Mass. 538. *Lazarz's Case*, 293 Mass. 538. *Warakomski's Case*, 310 Mass. 657. The amount of payments is fixed by the workmen's compensation act and is different from the measure of damages prevailing at common law. *Walsh's Case*, 227 Mass. 341, 343. *Gagnon's Case*, 228 Mass. 334, 336, 337. *Duart* v. *Simmons*, 231 Mass. 313. *Devine's Case*, 236 Mass. 588, 591, 593. *Federico's Case*, 283 Mass. 430, 432. *Akins's Case*, 302 Mass. 562, 564. The special reasons assigned in the *Spade* case for denying recovery have no application to workmen's compensation cases. The weight of authority even in jurisdictions where compensation is limited to personal injury caused by accident is to the effect that a personal injury due entirely to nervous shock, fright or terror is a compensable injury. *Yates* v. *South Kirkby Featherstone & Hemsworth Collieries, Ltd.* [1910] 2 K. B. 538. *George L. Eastman Co.* v. *Industrial Accident Commission*, 186 Cal. 587. *Stier* v. *Derby*, 119 Conn. 44. *J. Norman Geipe, Inc.* v. *Collett*, 172 Md. 165. *Monk* v. *Charcoal Iron Co. of America*, 246 Mich. 193. *Hall* v. *Doremus*, 114 N. J. L. 47. *Geltman* v. *Reliable Linen &*

*Supply Co.* 128 N. J. L. 443. *Church* v. *County of West-
chester,* 253 App. Div. (N. Y.) 859. *Burlington Mills Corp.*
v. *Hagood,* 177 Va. 204. *Montgomery* v. *State Compensation
Commissioner,* 116 W. Va. 44.

The remaining contention of the insurer, that the injury
did not arise out of and in the course of the employment,
needs but brief discussion. The fact that the employee was
not actually engaged in the performance of her duties at
the time of her injury does not deprive her of the benefits
of the act if she was doing something that was incidental to
her work. It was found by the board that a dealer in
lunches visited the mill at certain times, and that the em-
ployees were permitted to buy food and to "eat it on the
job." A brief and customary respite by an employee in
order to eat lunch while she remained at her post of duty
was an incident of her employment. *DeStefano* v. *Alpha
Lunch Co. of Boston,* 308 Mass. 38. *Bradford's Case,* 319
Mass. 621. *Kubera's Case,* 320 Mass. 419. The location
of the motors, with reference to the place where the em-
ployee performed her work, was one of the conditions
attending her employment, *Dow's Case,* 231 Mass. 348,
*Sullivan's Case,* 241 Mass. 9, *Cusick's Case,* 260 Mass. 421,
*Varao's Case,* 316 Mass. 363; and the report and flash
which they emitted when they were blown out by the bolt
of lightning, frightening the employees in their vicinity,
was a risk of employment in such a place, and a paralyzing
injury produced by the fright could be found to be causally
connected with the employment. *Caswell's Case,* 305 Mass.
500. *Souza's Case,* 316 Mass. 332, 334. *Murphy* v. *Mietti-
nen,* 317 Mass. 633. *Rogers's Case,* 318 Mass. 308. *Kubera's
Case,* 320 Mass. 419.

*Decree reversed.*