CARLOS CLARICI's (dependent's) CASE.

Suffolk.    January 5, 1960. — March 9, 1960.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Death. *Proximate Cause. Death.*

In a workmen's compensation case a finding was warranted that the conditions under which the employee, a chef in a restaurant, worked, shown by the evidence to have brought about a persistent cold and pneumonia and to have lowered his resistance, accelerated preëxisting latent tuberculosis to the point of incapacity and ultimately of death, and an award of compensation to his dependent was justified.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Barron, J.*

*Edmund Z. Dymsza,* for the insurer, submitted a brief.

*Harry Ehrlich,* for the claimant.

COUNIHAN, J.    This is an appeal by an insurer from a decree of the Superior Court awarding compensation to the

---

dependent of an employee in accordance with a decision of a reviewing board which affirmed and adopted the findings and decision of the single member. G. L. c. 152, § 10, as amended through St. 1947, c. 546. The insurer also appealed from the denial by the judge of its motion to recommit the case to the Industrial Accident Board for the purpose of taking additional testimony. There was no error.

The single member found the following facts and awarded compensation and other payments in accordance with G. L. c. 152. Carlos Clarici, the deceased, was hired as a chef by Rennie's Restaurant, Inc., located in Hyannis, about the latter part of February or early in March, 1956. The premises of the insured comprised a large dining room, a bar, a store room, and a kitchen. In order to get from the dining room to the kitchen it was necessary to go through the store room. It was an unusually cold winter.

During the winter months, the restaurant did very little business and it was customary during those months to shut off the greater part of the dining room with partition walls leaving but a small area for the dining room and bar which were heated. The remaining part of the dining room and the store room were not heated. The only heat in the kitchen came from a small electric pizza oven which during business hours was continuously on. The store room and the kitchen were very cold. The employee worked six days a week from 3 P.M. to about 1 or 2 A.M. except on Saturdays when he quit work at about 11:30 P.M. There was evidence that on one occasion he was required to shovel snow outside of the building and he was "doused" by a heavy fall of snow which came from the roof and threw him to the ground, covering him with snow. His clothing was damp when he returned to work in the kitchen. He developed a cold thereafter which never left him. He was ill with pneumonia from April 14 to April 26 when he returned to work at the urgent demand of his employer and sooner than his doctor advised.

He gave up work on June 25, 1956, and was admitted to the Barnstable County Hospital on June 27, 1956. There

his condition was diagnosed as pulmonary tuberculosis, far advanced, diabetes mellitus and cirrhosis of the liver with ascites. The hospital record showed that he weighed one hundred thirty-five pounds as the result of recent wasting. He showed pallor and the upper left lobe of lung was diseased as shown by X-ray and the fluoroscopic examination. He died on October 26, 1956, from pulmonary tuberculosis.

The single member found that at the time he was hired by the insured the employee was suffering from latent tuberculosis and diabetes, that his illness was aggravated by the conditions under which he worked, and that his employment and working conditions caused his death to occur sooner than it otherwise would have occurred.

It is a well established rule that this court must sustain the findings of the reviewing board unless they are wholly lacking in evidential support or are tainted by error of law. *Hartman's Case*, 336 Mass. 508, 511. *Hachadourian's Case, ante*, 81.

Here there was ample evidence from at least three doctors [who testified as to the physical condition of the employee] to support the finding of the single member that the death of the employee was causally related to the conditions under which he was required to work. The medical evidence was conflicting and presented a question of fact to be determined by the reviewing board. *Murphy's Case*, 328 Mass. 301, 304. *Mahoney's Case*, 337 Mass. 629, 631–632.

The insurer contends that there were inconsistent statements particularly in the cross-examination of some of the doctors called by counsel for the claimant, but even if this were true, in no instance did any one of these doctors adopt, as final, a view of his testimony other than that herein indicated. The single member and the reviewing board were free to accept such portions of testimony as they thought credible and find that the working conditions of the employee aggravated a preëxisting tubercular condition of the employee which ultimately caused his death. *Luczek's Case*, 335 Mass. 675, 677–678. *Mercier's Case*, 315 Mass. 238, 240.

It is significant that the medical expert called by the insurer testified that the resistance of the employee was an important factor; and that anything that had to do with lessening his resistance could have accelerated his tubercular condition which appeared to be latent when he entered into the employment of the insured. This statement was consistent with the testimony of the medical experts called by the claimant that the persistent cold he suffered from the time when he was "doused" by the heavy snowfall from the roof and the pneumonia which he later developed, coupled with the unusually cold working conditions in which he was required to work, so lowered his resistance that his tubercular condition was aggravated to such a degree that he died from it.

We are of opinion that the situation in the case at bar is strikingly similar to that in *Mercier's Case*, 315 Mass. 238, where at page 241 it is said, "[I]f the employee had already contracted tuberculosis before she entered the employment and the disease was then dormant, but, due to a series of colds caused by conditions under which she performed her work, the frequent exposure to sudden and great changes in temperature in working in different rooms and overwork, her power of resistance became so diminished that her preëxisting tuberculosis became active and rendered her incapable of further work, then a causal connection between the employment and injury has been shown." It is important to note that at page 241 it was said that the situation would have been the same if the employee had been working in a hospital where there were no tubercular patients. Whether the employee's death here was caused by gradual deterioration or was accelerated by his working conditions was a question of fact for the reviewing board to decide. *Brzozowski's Case*, 328 Mass. 113, 116. *McMurray's Case*, 331 Mass. 29, 32–33.

The insurer casually mentions in its brief that there was no finding on the issue of notice. No mention was made of this issue before the single member or the reviewing board. We need not consider it when raised before the full court for the first time.

The insurer does not argue in its brief its appeal from the denial of its motion to recommit. Therefore such question was waived. Rule 13 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 698.

The final decree is affirmed and costs and reasonable expenses under G. L. c. 152, § 11A, inserted by St. 1945, c. 444, as amended, shall be allowed by the single justice.

*So ordered.*