LEONARDO C. LODIGIANI & another *vs.* RAYMOND E. POTTER & another. November 2, 1960. Exceptions overruled. The plaintiffs in their brief argue only questions related to a count alleging deceit. The case is here on the plaintiffs' exceptions to the denial of a request for a ruling and to the allowance of the defendants' motion for judgment on an auditor's report finding generally for the defendants on all counts. The exception to the denial of a requested ruling has no standing, for the auditor's findings were to be final. See *Levine* v. *Lawrence & Co. Inc.* 305 Mass. 210, 211. The auditor found that an agent for the defendants, vendors of vacant land, stated to the plaintiffs, prospective purchasers, that the lot "would be suitable property for . . . a residence and that the plaintiffs could obtain a permit." After water percolation tests, the building inspector restricted use of the lot to "a house with no cellar." The auditor found that "no representations were made . . . which were false and material" with the intention that the plaintiffs rely on them. No subsidiary finding of the auditor leads us to infer (see *United States Fid. & Guar. Co.* v. *English Constr. Co.* 303 Mass. 105, 108–109) that the statement of the agent meant that the lot would be suitable for a house with a cellar. We conclude, as did the auditor, that there was no actionable misrepresentation.

*Harry M. Ehrlich,* (*J. Leo Dowd* with him,) for the plaintiffs.
*Francis P. Tehan,* for the defendants.


FRANK GASZKOWICZ's CASE. November 2, 1960. Decree affirmed. The employee claimed workmen's compensation benefits because of a ruptured intervertebral disc. His duties required him to do "a certain amount of lifting" of heavy objects. While at work in May, 1957, he felt pain in his hip. The pain increased and he eventually underwent an operation for a ruptured disc. There had been similar occurrences of pain in earlier years. Upon somewhat conflicting and confused medical testimony, the single member, whose findings were adopted by the reviewing board, was "unable . . . to find that the . . . ruptured . . . disc was an injury arising out of and in the course of" the employment. The findings, which have support in the evidence, must stand. *Sarkes's Case,* 336 Mass. 736, 737–738. *Clarici's Case,* 340 Mass. 495, 497–498. This is true even if different findings might also have been permissible upon this record. See *Hartman's Case,* 336 Mass. 508, 511. Cf. *Hachadourian's Case,* 340 Mass. 81, 85. We perceive nothing in the decision of the single member which indicates that, in determining whether the disability arose out of the employment, he applied principles inconsistent with our earlier decisions. See *Charon's Case,* 321 Mass. 694, 696; *Brzozowski's Case,* 328 Mass. 113, 115.

*Robert J. Moran,* for the claimant.
*Charles W. Brids,* for the insurer.