## CLAUDETTE NILES-ROBINSON[1] *vs.* BRIGHAM & WOMEN'S HOSPITAL, INC., & others.[2]

No. 97-P-297.

Suffolk. December 10, 1998. - June 29, 1999.

Present: LAURENCE, LENK, & BECK, JJ.

*Workers' Compensation Act,* Injuries to which act applies, Exclusivity provision, Decision of Industrial Accident Reviewing Board. *Multiple Chemical Sensitivity. Collateral Estoppel. Res Judicata. Judicial Estoppel.*

Principles of issue preclusion and judicial estoppel precluded an injured employee from asserting any common-law right of action on account of workplace injuries, including multiple chemical sensitivity, where the employee had sought and received worker's compensation benefits for the same asserted injuries. [206-207]

CIVIL ACTION commenced in the Superior Court Department on August 2, 1996.

A motion to dismiss was heard by *Maria I. Lopez,* J., and entry of judgment was ordered by *Charles T. Spurlock,* J.

*Jack E. Robinson* for the plaintiff.

*Matthew J. Walko* for the defendants.

LAURENCE, J. The plaintiff, Claudette Niles-Robinson, sustained serious physical and mental injuries (principally

---

[1] Although the brief of the plaintiff-appellant, Claudette Niles-Robinson, purports also to be that of fourteen other "appellants," all former employees of the defendant-appellee Brigham and Women's Hospital, Inc., her appeal alone is properly before this court. The notice of appeal, identifying the parties filing the notice as "Claudette Niles-Robinson, & others" and "Claudette Niles-Robinson, et al.," failed to comply with the requirement of Mass.R.A.P. 3(c), as amended, 378 Mass. 927 (1979), that the notice "shall specify the . . . parties taking the appeal." See *Filios* v. *Commissioner of Rev.,* 415 Mass. 806, 807 n.2 (1993), cert. denied, 511 U.S. 1030 (1994); *Cummings* v. *City Council of Gloucester,* 28 Mass. App. Ct. 345, 347-349 (1990).

[2] The Brigham Medical Center, Inc., and Partners HealthCare System, Inc.

multiple chemical sensitivity, or MCS) as a consequence of faulty ventilation and other environmental problems to which she and many other employees of defendant Brigham and Women's Hospital, Inc. (hospital), were exposed during construction activities at the hospital in 1995.[3] She filed for and, after being found disabled by the Department of Industrial Accidents (department), was awarded worker's compensation benefits on account of her injuries. Thereafter, she commenced a multicount tort action against the hospital[4] for monetary damages claimed to have resulted from those injuries.

The hospital moved to dismiss the complaint for failure to state a claim, Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). The hospital asserted that the worker's compensation act was the plaintiff's exclusive remedy for the claimed workplace injuries, by virtue of G. L. c. 152, § 24,[5] and that her claiming and accepting worker's compensation benefits had constituted a release of all the asserted claims, pursuant to G. L. c. 152, § 23.[6] A judge of the Superior Court agreed with those contentions and allowed the motion to dismiss.

On appeal from the dismissal, the plaintiff asserts that she is not barred by the worker's compensation act because her MCS is not a compensable "personal injury" within the meaning of the act. She relies on the act's definition of the term: " 'Personal injury' includes infectious or contagious diseases if the nature of the employment is such that the hazard of contracting such diseases by an employee is inherent in the employment." G. L.

---

[3]The facts set forth herein are from the plaintiff's complaint, read in the light most favorable to her, *Brum* v. *Dartmouth*, 44 Mass. App. Ct. 318, 321-322 (1998), *S.C.*, 428 Mass. 684 (1999), and the undisputed facts recited in the judge's memorandum of decision.

[4]The other appellees were named as nominal defendants only, and the plaintiff agreed to dismiss her complaint against them if the hospital's motion to dismiss was allowed, as it was.

[5]Section 24 of G. L. c. 152, as amended through St. 1985, c. 572, § 35, states, in pertinent part, that "[a]n employee shall be held to have waived his right of action at common law . . . to recover damages for personal injuries, if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right . . . . " No such notice was provided in this case.

[6]General Laws c. 152, § 23, as amended through St. 1985, c. 572, § 34, relevantly provides that an employee's acceptance of worker's compensation benefits "on account of personal injury under this chapter . . . shall constitute a release to the insured [i.e., the employer] of all claims or demands at common law . . . arising from the injury."

c. 152, § 1(7A), as inserted by St. 1941, c. 437. Since the risk of contracting MCS is not inherent in her employment at the hospital (so she alleges in her complaint), she should be entitled to proceed with her tort claims.[7,8]

The parties devote substantial portions of their briefs to the meaning and scope of the term "personal injury," as partially elucidated by the purpose and historical development of G. L. c. 152 and the relatively few judicial decisions that have involved the term's meaning.[9] That interesting issue need not detain us, however, because of the procedural context of this controversy. The outcome-determinative factors here are that the plaintiff filed a claim for worker's compensation benefits with the department for the very injuries set forth in her

[7]The hospital argues at length, citing numerous authorities, that MCS is a questionable and highly debatable "injury" which has not been deemed a valid medical condition or a form of disability under Federal law. Such assertions are matters outside the pleadings, were not relied upon by the motion judge, and are irrelevant to the question of the validity of the judgment appealed from as well as to our analysis herein.

[8]The plaintiff also argues the so-called "dual persona" doctrine, i.e., even if an employee injured on the job is normally confined to her worker's compensation remedy, she may also maintain a civil action against her employer when the employer's liability for the injury derived from a separate legal status independent from and unrelated to its status as an employer. Here, the plaintiff sees that separate status as the hospital's having itself (or through its parent corporation) managed the construction project. The doctrine has not, however, been explicitly adopted in the Commonwealth (as the plaintiff recognizes), and we decline her invitation to do so in this case, for the reasons, if no other, that she failed to raise the issue below, see *Beale* v. *Planning Bd. of Rockland*, 423 Mass. 690, 701-702 (1996); *Commonwealth* v. *ELM Med. Labs., Inc.*, 33 Mass. App. Ct. 71, 81 (1992), and that no facts relevant to the substance of her contention are alleged in the complaint. See *White* v. *Peabody Constr. Co.*, 386 Mass. 121, 134 (1982).

[9]The parties are in essential agreement in recognizing that there exists no comprehensive definition of "personal injury" under G. L. c. 152, no helpful legislative history shedding light on its intended meaning, nor any judicial pronouncement of direct relevance to this case. See generally, for discussions bearing on the issue of the scope of the term, *Hurle's Case*, 217 Mass. 223 (1914); *Johnson* v. *London Guar. & Acc. Co.*, 217 Mass. 388 (1914); *Young* v. *Duncan*, 218 Mass. 346 (1914); *McPhee's Case*, 222 Mass. 1 (1915); *Madden's Case*, 222 Mass. 487 (1916); *Maggelet's Case*, 228 Mass. 57 (1917); *Duart* v. *Simmons*, 231 Mass. 313 (1918); *Pimental's Case*, 235 Mass. 598 (1920); *Sullivan's Case*, 265 Mass. 497 (1929); *Minn's Case*, 286 Mass. 459 (1934); *Farren's Case*, 290 Mass. 452 (1935); *Smith's Case*, 307 Mass. 516 (1940); *Mercier's Case*, 315 Mass. 238 (1943); *Perron's Case*, 325 Mass. 6 (1949); *Tartas's Case*, 328 Mass. 585 (1952); *Fitzgibbon's Case*, 374 Mass. 633 (1978); *Doe* v. *Purity Supreme, Inc.*, 422 Mass. 563 (1996).

complaint; those injuries were determined to be compensable injuries under G. L. c. 152; she was determined to be disabled for purposes of receiving the claimed worker's compensation benefits; she was awarded and has received payment of such benefits for those injuries; and no appeal from that award decision was taken.[10] In light of those facts, the plaintiff is precluded from asserting her purported common-law right of action, for two reasons.

1. *Collateral estoppel, or issue preclusion.* The most pertinent issue in this case — whether the plaintiff's MCS is a compensable injury under G. L. c. 152 — was determined by the prior final adjudication at the department. The plaintiff there maintained that she had suffered a compensable injury for which she was entitled to worker's compensation benefits. That issue was essential to, and was determined adversely to the hospital in, a valid final, unappealed department award order. That determination is conclusive between the parties in this subsequent litigation. See *Martin* v. *Ring*, 401 Mass. 59, 60-62 (1987) (noting that the doctrine of collateral estoppel "is particularly apt in the workmen's compensation context"); *Stowe* v. *Bologna*, 415 Mass. 20, 22 (1993). Compare *Tuper* v. *North Adams Ambulance Serv., Inc.*, 428 Mass. 132, 134-136 (1998). The plaintiff, accordingly, may not relitigate that issue. On that narrow basis, the hospital is correct in asserting that the plaintiff is foreclosed from maintaining an action at law by G. L. c. 152, § 23. See *West's Case*, 313 Mass. 146, 153-154 (1943); *McLaughlin* v. *Stackpole Fibers Co.*, 403 Mass. 360, 362 (1988); *Barrett* v. *Rodgers*, 408 Mass. 614, 619-620 (1990).

2. *Judicial estoppel.* This is "the doctrine under which 'a party is bound by his judicial declarations and may not contradict them in a subsequent proceeding involving [the] same issues and parties.' " *Correia* v. *DeSimone*, 34 Mass. App. Ct. 601, 603 (1993), quoting from Black's Law Dictionary 761 (5th ed. 1979). In particular, a party who has successfully asserted a certain position under oath in an adjudicatory proceeding may not in a later proceeding "assume a position relative to the same subject that is directly contrary to that taken at the first" proceeding. *Paixao* v. *Paixao*, 429 Mass. 307, 309, 311 (1999), quoting from *East Cambridge Sav. Bank* v. *Wheeler*,

---

[10]We take judicial notice of this last fact, ascertainable from our own files. See G. L. c. 152, § 12(2); *Robbins* v. *Robbins*, 16 Mass. App. Ct. 576, 581 n.8 (1983), and cases cited.

422 Mass. 621, 623 (1996). Assuming a contrary and inconsistent position to that taken before the department with respect to the applicability of the worker's compensation act to her MCS is precisely what the plaintiff has attempted to do in her civil action. It cannot be countenanced in the interests of fairness and judicial integrity. *Id.*[11]

*Judgment affirmed.*

---

[11]Although the motion judge did not rely on either issue preclusion or judicial estoppel in dismissing the plaintiff's complaint, "[i]t is well established that, on appeal, we may consider any ground apparent on the record that supports the result reached in the lower court." *Gabbidon* v. *King*, 414 Mass. 685, 686 (1993), and cases cited.