## MARY A. PERRON'S CASE.

Worcester. September 27, 1949. — November 8, 1949.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies; Procedure: costs. *Proximate Cause.*

Evidence in a workmen's compensation case warranted findings that tuberculosis contracted by the employee after having been employed for nearly a year in nursing positive cases of tuberculosis in a hospital arose out of and in the course of such employment, and that "the hazard of contracting" tuberculosis by the employee was "inherent in the employment" within G. L. (Ter. Ed.) c. 152, § 1 (7A), inserted by St. 1941, c. 437, so that the tuberculosis contracted by her was a "personal injury" under that statute; and an award of compensation was proper.

On an appeal by the insurer from a decree awarding compensation to an employee who contracted tuberculosis after having been employed for nearly a year in nursing positive cases of tuberculosis in a hospital, the case was held not to be a proper case for the imposition of costs on the insurer under G. L. (Ter. Ed.) c. 152, § 14.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Giles*, J.

*H. J. Meleski*, Assistant City Solicitor, for the city of Worcester, insurer.

*E. Burke*, (*L. F. Burke* with him,) for the claimant.

WILLIAMS, J.   This is an appeal by the city of Worcester, employer and self insurer, from a decree of the Superior Court awarding compensation under the workmen's compensation act, G. L. (Ter. Ed.) c. 152, for personal injury incurred by a nurse employed at the Belmont Hospital, a. tuberculosis hospital maintained by the city.   The single member of the Industrial Accident Board, having found that the employee contracted tuberculosis as a result of her employment and that it constituted a personal injury arising out of and in the course of her employment, awarded compensation from December 1, 1946.   The reviewing board affirmed and adopted the findings and decision of the single member.

There was evidence as follows.   The employee was a woman twenty-five years old with no history of tuberculosis in her family.   An X-ray taken on May 7, 1945, immediately before she began her employment at the hospital, disclosed no evidence of disease.   In the following July, having lost three or four days time because of a cold, she was X-rayed for the second time, with no evidence of disease being disclosed.   Again on December 24, 1945, and January 9, 1946, because of colds, she was X-rayed.   The X-ray films were negative for tuberculosis.   Feeling tired and run down she left the employment of the hospital on April 27, 1946, and thereafter worked for Telechron Inc. as an assembler until December 1, 1946.   Having lost fifteen pounds in six months, she was referred to the Belmont Hospital for another X-ray, and on January 8, 1947, an X-ray taken at the hospital revealed an active tubercular infection of the left lung. She was admitted to the hospital as a patient on January 21, 1947, with a diagnosis of far advanced pulmonary tuberculosis.

She worked eight hours per day while employed at the hospital, most of the time being in a so called positive ward. She attended to the patients, collected sputum boxes, wiped off bed stands with disinfectant, made the beds, gave baths and rubbings to patients who required special care, brought in and collected trays of food, and did whatever other work

was required. At times her face and clothing would be sprayed by the coughing of the patients.

There was testimony by the physician who was medical director at the hospital during the time the employee worked there and who later saw her as a private patient on May 19, 1947, that in his opinion the employee contracted tuberculosis while employed at the Belmont Hospital; that she contracted it through her contact with "wide open cases of tuberculosis"; that the exposure in the present case which was responsible for the employee's "infection with tuberculosis" was in "caring for the patient himself," by that meaning "waiting on the patient, bringing the patient his food, making the patient's bed, giving the patient a bath, emptying his sputum box and anything that brings the nurse into contact with the patient"; and that "it is his opinion that it is an occupational disease — that there is a hazard . . . peculiar to tuberculosis hospitals."

There was sufficient evidence of causal connection between the employment and the tuberculosis contracted by the employee to warrant the finding of the board that the disease arose out of and in the course of the employment. *Watson's Case,* 322 Mass. 581, 584. *D'Entremont* v. *Boston Consolidated Gas Co.* 320 Mass. 582, 584, 585. See *Ricci's Case,* 294 Mass. 67, 68; *Rozek's Case,* 294 Mass. 205, 208; *Duggan's Case,* 315 Mass. 355, 357.

The principal question for decision is whether the disease constitutes a personal injury under G. L. (Ter. Ed.) c. 152, § 1 (7A), inserted by St. 1941, c. 437, which reads, "'Personal injury' includes infectious or contagious diseases if the nature of the employment is such that the hazard of contracting such diseases by an employee is inherent in the employment." Previous to the passage of this statute it had been held in *Smith's Case,* 307 Mass. 516 (1940), that tuberculosis contracted by the inhalation of germs was a disease and not a personal injury within the meaning of the compensation act. Later in *Mercier's Case,* 315 Mass. 238, 240, 241, where the tuberculosis was contracted before the passage of the 1941 statute, it was said: "The nature of

the employment of a nurse attending tubercular patients is such that the hazard of contracting the disease might well be found to be inherent in the employment." The term "hazard" was defined in *Hough* v. *Contributory Retirement Appeal Board*, 309 Mass. 534, 539, to be "a danger or risk lurking in a situation which by chance or fortuity develops into an active agency of harm." When, because of the nature of the employment, a possibility exists that an employee may contract an infectious or contagious disease, it becomes a question of fact whether the likelihood of infection or contagion is so essentially characteristic of the employment as to warrant a finding that the danger is inherent therein. In our opinion the danger of acquiring tuberculosis germs in a hospital while there employed, as was the employee in this case, in nursing positive cases of tuberculosis could be found to be a hazard inherent in the employment. The finding of the board that the employee sustained a personal injury as defined by G. L. (Ter. Ed.) c. 152, § 1 (7A), was justified and the decree of the Superior Court, based upon this finding, was without error.

This is not a case for the imposition of costs under G. L. (Ter. Ed.) c. 152, § 14, as this appeal has not been prosecuted "without reasonable ground." Costs under G. L. (Ter. Ed.) c. 152, 11A, as inserted by St. 1945, c. 444, shall be allowed by the single justice. See now St. 1949, c. 372.

*Decree affirmed.*