STEPHEN LONGEVER vs. REVERE COPPER AND BRASS INC.

Suffolk. April 10, 1980. — July 25, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & ABRAMS, JJ.

*Workmen's Compensation Act*, Action against employer.

An employee who was injured in the course of his employment while us-
ing machinery manufactured and sold to the general public by a whol-
ly separate division of his employer was barred by the provisions of
G. L. c. 152 from recovering from his employer as the manufacturer
of the allegedly defective product. [222-226]

CIVIL ACTION commenced in the Superior Court Depart-
ment on May 3, 1979.

After a hearing, the complaint was ordered dismissed by
*Pierce*, J.

The Supreme Judicial Court granted a request for direct
appellate review.

*Thomas E. Connolly* for the plaintiff.

*Thomas D. Burns (Joseph K. Mackey* with him) for the
defendant.

ABRAMS, J. The central issue is whether an employee in-
jured in the course of his employment may recover from his
employer as the manufacturer of an allegedly defective
product. The complaint alleges that the plaintiff, who at
the time was an employee of the defendant, was injured
while using machinery manufactured and sold to the gener-
al public by a wholly separate division of the defendant.
The plaintiff claims that, since the defendant acted in two
separate capacities, this action is not barred by the provi-
sions of G. L. c. 152.

The plaintiff made a motion pursuant to Mass. R. Civ. P.
12 (d), 365 Mass. 754 (1974), for a hearing to determine the
sufficiency of the defendant's second and sixth defenses.
The second defense was that the complaint failed to "state a

claim upon which relief can be granted" and the sixth de-
fense was that the defendant "is immune from liability in
this action pursuant to the applicable provisions of the
Workmen's Compensation Act set forth in [G. L. c. 152,
§§ 23, 24, the exclusivity provision]." See Mass. R. Civ. P.
12 (b) (6), 365 Mass. 754 (1974). After hearing, a Superior
Court judge dismissed the complaint.[1] The plaintiff ap-
pealed, and we granted his application for direct appellate
review. We affirm.

The facts set forth in the complaint are as follows. On
March 2, 1977, the plaintiff, age twenty-nine, suffered a seri-
ous and permanent injury while operating a casting machine.[2]
At the time of the accident, the plaintiff was an employee of
the Edes division of the defendant Revere Copper and Brass
Incorporated. The machine in question was manufactured
by the defendant's Rome division. Each division is wholly
separate and distinct, and the defendant treats each as a
wholly separate entity. The Rome division sells machinery
to the general public, and sold the machine in question to the
Edes division. The plaintiff claims that the casting machine
was defective and as a result, he was injured.[3]

The heart of the plaintiff's complaint is that the defend-
ant's liability springs from a second set of obligations imposed
on it by virtue of its status as the manufacturer and that his

---

[1] "In appraising the sufficiency of the complaint we follow, of course,
the accepted rule that a complaint should not be dismissed for failure to
state a claim unless it appears beyond doubt that the plaintiff can prove
no set of facts in support of his claim which would entitle him to relief."
*Nader* v. *Citron*, 372 Mass. 96, 98 (1977), quoting from *Conley* v. *Gibson*,
355 U.S. 41, 45-46 (1957). We accept as true the allegations of the com-
plaint and all reasonable inferences which may be drawn from it. *Nader*
v. *Citron, supra.* See *Lowell Gas Co.* v. *Attorney Gen.*, 377 Mass. 37, 39
(1979).

[2] While the complaint does not specifically allege that the plaintiff's in-
jury arose out of and in the course of the plaintiff's employment, the
plaintiff's motion for hearing on the defendant's defenses states that Long-
ever is receiving workmen's compensation.

[3] The precise basis of the claim is unclear from the complaint although
it appears to embrace negligence in the manufacture, design, inspection
and testing of the machine, as well as failure to warn.

suit is therefore not barred by G. L. c. 152, particularly, § 23[4] and § 24.[5] The plaintiff relies on the so called dual capacity doctrine. Under this theory, "an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer." 2A A. Larson, Workmen's Compensation § 72.80, at 14-112 (1976). See generally Kelly, Workmen's Compensation and Employer Suability: The Dual-Capacity Doctrine, 5 St. Mary's L.J. 818 (1974); Mitchell, Products Liability, Workmen's Compensation and the Industrial Accident, 14 Duq. L. Rev. 349 (1976); Comment, Manufacturer's Liability as a Dual Capacity of an Employer, 12 Akron L. Rev. 747 (1979).

Among the common law duties placed on an employer was the responsibility to provide a safe place to work as well as safe appliances, tools, and equipment for work. An employer was also required to give warnings of hidden dangers to employees and to promulgate and enforce rules for the

---

[4] General Laws c. 152, § 23, as amended through St. 1953, c. 314, § 6, reads as follows: "If an employee files any claim for, or accepts payment of, compensation on account of personal injury under this chapter, or makes any agreement, or submits to a hearing before a member of the division under section eight, such action shall constitute a release to the insured or self-insurer of all claims or demands at law, if any, arising from the injury."

[5] General Laws, c. 152, § 24, as amended through St. 1955, c. 174, § 5, reads as follows: "An employee shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to an injury therein occurring, to recover damages for personal injuries if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right, or, if the contract of hire was made before the employer became an insured person or self-insurer, if the employee shall not have given the said notice within thirty days of the time said employer became an insured person or a self-insurer. An employee who has given notice to his employer that he claimed his right of action as aforesaid may waive such claim by a written notice, which shall take effect five days after it is delivered to the employer or his agent. The notices required by this section shall be given in such manner as the division may approve."

conduct of employees which would make the work place safe. See W. Prosser, Torts § 80 (4th ed. 1971).

At common law an employee injured by the failure of his employer to furnish safe tools could sue his employer in tort. The employee's claim, however, was subject to defenses such as assumption of the risk, contributory negligence, or the negligence of fellow employees. As a result many injured workers were not compensated. To rectify this inequity the workmen's compensation scheme was enacted to replace common law remedies by providing fixed compensation for employees injured at work. *Id.* The scheme eliminated the employee's right to hold his employer liable in tort.[6] Nothing in the compensation act altered the employer's duty to provide safe tools or machinery at work.

Thus, in this case the defendant was performing its common law function as an employer in supplying equipment, tools, and machinery to the Edes division. The plaintiff's argument therefore must fail as he "overlook[s] the simple fact that the use of the product was a routine and integral part of the employment. Dual capacity requires a distinct separate legal *persona*, not just a separate theory of liability of the same legal person." 2A A. Larson, Workmen's Compensation § 72.80, at 154 (Supp. 1979).

Moreover, separate divisions are insufficient to establish dual capacity. See *Strickland* v. *Textron, Inc.*, 433 F. Supp. 326, 327-328 (D.S.C. 1977); 2A A. Larson, Workmen's Compensation § 72.80, at 14-115 (1976). "The decisive dual-capacity test is not concerned with how separate or different the second function of the employer is from the first but with whether the second function generates obligations unrelated to those flowing from the first, that of employer." *Id.* at 14-117. We think that the duties of an

---

[6] In Massachusetts, coverage under G. L. c. 152 is now compulsory for most but not all employers. There is no question, however, that the defendant is covered by G. L. c. 152. An employee may waive his claim to workmen's compensation and seek legal redress from his employer. G. L. c. 152, §§ 23, 24. The plaintiff in this case did not preserve his common law rights.

employer who also manufactures equipment used in his business (and perhaps elsewhere) are not separate and distinct duties from the general obligations of employers.

The result we reach is consistent with the results reached by other courts. See *Kottis* v. *United States Steel Corp.*, 543 F.2d 22 (7th Cir. 1976), cert. denied, 430 U.S. 916 (1977); *Strickland* v. *Textron, Inc.*, *supra*; *Winkler* v. *Hyster Co.*, 54 Ill. App. 3d 282 (1977); *Rosales* v. *Verson Allsteel Press Co.*, 41 Ill. App. 3d 787 (1976). See also *Neal* v. *Roura Iron Works, Inc.*, 66 Mich. App. 273 (1975); *Lewis* v. *Gardner Eng'r Corp.*, 254 Ark. 17 (1973). We decline to follow cases which have reached a contrary result. See *Douglas* v. *E.&J. Gallo Winery*, 69 Cal. App. 3d 103 (1977); *Mercer* v. *Uniroyal, Inc.*, 49 Ohio App. 2d 279 (1976).[7]

Implicit in the plaintiff's argument, as well as the commentaries, is dissatisfaction with the Workmen's Compensation Act in light of the expansion of liability in tort. Deficiencies in the compensation awards pursuant to the present statute are matters of concern for the Legislature, and on the whole, "damage suits are a distinctly inferior alternative to workmen's compensation." Report of the National Commission on State Workmen's Compensation Laws 120 (1972).

---

[7] In *Douglas* v. *E. & J. Gallo Winery*, 69 Cal. App. 3d 103 (1977), the California court held that an employer who also manufactured scaffolds for sale to the general public could be held liable in a product liability claim by an employee injured while using one of the scaffolds because that claim was wholly separate and distinct from a claim based on the employer's duties as employer. The risk was held to be a manufacturing risk independent of the company's obligations as an employer. In *Mercer* v. *Uniroyal, Inc.*, 49 Ohio App. 2d 279 (1976), a temporary employee driving a truck suffered injuries from a crash due to an alleged defect in the defendant's tires. The Ohio court permitted the plaintiff to make a claim for recovery under the dual capacity doctrine, noting that it was a mere coincidence that the tires on the truck were those of the employer and not some other brand. Compare *Williams* v. *State Compensation Ins. Fund*, 50 Cal. App. 3d 116 (1975). We leave open the issue whether the application of the dual capacity doctrine in this Commonwealth might be warranted under some circumstances. See 2A A. Larson, Workmen's Compensation § 72.80 (1976); *Duprey* v. *Shane*, 39 Cal. 2d 781 (1952) (A doctor's employee who is injured in the course of employment and thereafter is treated by the doctor may sue the doctor-employer for malpractice).

*Young* v. *Duncan,* 218 Mass. 346, 349 (1914). See generally, O'Connell, Bargaining for Waivers of Third-Party Tort Claims: An Answer to Product Liability Woes for Employers and their Employees and Suppliers, 1976 U. of Ill. L.F. 435, 439-444. Any change in compensation law which would permit a covered employee to recover compensation benefits and, in addition, permit litigation by the employee against his employer to recover for an injury clearly covered by the Workmen's Compensation Act is a public policy decision for the Legislature. See *Liberty Mut. Ins. Co.* v. *Westerlind,* 374 Mass. 524, 527 (1978).

*Judgment affirmed.*