LYDIA BARRETT vs. RONALD RODGERS.

Norfolk. September 4, 1990. - November 20, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & GREANEY, JJ.

*Workers' Compensation*, Action against employer.

An employee who was injured when attacked by her employer's dog while
in the course of her employment in the employer's computer software
business was barred by the exclusivity provisions of the Workers' Com-
pensation Act, G. L. c. 152, §§ 23, 24, from recovering from her em-
ployer in an action under G. L. c. 140, § 155, and, to the extent, if any,
that Massachusetts recognizes the so-called "dual persona" doctrine,
that doctrine was not available to the employee to avoid the effect of
c. 152, §§ 23, 24. [615-620]

CIVIL ACTION commenced in the Superior Court Depart-
ment on January 4, 1988.

The case was heard by *James P. Lynch, Jr.*, J., on a mo-
tion for summary judgment.

The Supreme Judicial Court granted a request for direct
appellate review.

*Marylin A. Beck* for the plaintiff.

*Kara L. Thornton* (*Daniel J. Lyne*, with her) for the
defendant.

NOLAN, J. This case requires us once again to mark out
the contours of the exclusivity provision of the Workers'
Compensation Act, G. L. c. 152, §§ 23, 24 (1988 ed.). Spe-
cifically, we must determine whether an individual may suc-
cessfully sue her employer for damages incurred in a single
incident through an instrumentality owned by the employer,
but unrelated to the employer's business. We hold that she
may not recover against her employer, and, therefore, we af-
firm the judgment of the court below.

The plaintiff, Lydia Barrett, has brought an action against the defendant, Ronald Rodgers, for injuries that she sustained when she was attacked by Rodgers's dog. On the date of the incident, June 3, 1987, the plaintiff was employed by Rodgers, who did business under the name Nexus Computer. Nexus was not incorporated.

On the critical day, the defendant brought his pet dog with him to his place of business. He did so solely as a convenience to himself. The animal had no role in the defendant's computer software business. Before leaving work for the day, the plaintiff approached the dog and leaned over to pet him. The dog attacked the plaintiff, causing serious injury. The plaintiff filed for and received workers' compensation benefits from the defendant's insurer.

The plaintiff then commenced this action in Superior Court under G. L. c. 140, § 155 (1988 ed.),[1] seeking damages for physical and mental injuries, disfigurement, medical expenses, loss of compensation, and interference with her enjoyment of life. The trial judge below allowed the defendant's motion for summary judgment on the ground that the plaintiff's action was barred by the exclusivity provisions of the Workers' Compensation Act. This court granted the plaintiff's application for direct appellate review. See G. L. c. 211A, § 10 (A) (1988 ed.). We now affirm the judgment of the Superior Court.

The defendant asserts that the plaintiff's cause of action is barred by the exclusivity provisions of G. L. c. 152, §§ 23, 24.[2] The plaintiff seeks to avoid the effect of that statute by invoking the "dual persona" doctrine. This doctrine recog-

---

[1]General Laws c. 140, § 155, states, in relevant part: "If any dog shall do any damage to either body or property of any person, the owner or keeper . . . shall be liable for such damage, unless such damage shall have been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog . . . ."

[2]General Laws c. 152, § 23, states in relevant part: "If an employee accepts payment of compensation under this chapter on account of personal injury or makes an agreement under section forty-eight, such action

nizes that there are certain circumstances in which an employee may collect damages from her employer despite the existence of the comprehensive workers' compensation scheme. To the extent, if any, that Massachusetts recognizes such a doctrine, we hold that it does not apply here.

At common law, an employee obtained compensation for workplace injuries, if at all, by suing his employer in tort. This remedy was perceived as slow, costly, and affording too many opportunities for employers to avoid liability. Consequently, the General Court enacted a workers' compensation scheme, G. L. c. 152 (Act), whereby an employee was guaranteed compensation for workplace injuries regardless of fault and free of traditional common law defenses. In exchange for this guaranteed right of recovery, the law bars employees from recovering against their employers for injuries received on the job. G. L. c. 152, §§ 23, 24. Under this comprehensive compensation scheme, employees remain free to bring suit against third parties who may be liable for injuries compensable under the Act. See G. L. c. 152, § 15.

The plaintiff seeks to characterize her employer as such a third party by invoking the "dual persona" doctrine. The plaintiff asks us to view defendant as a split legal personality — Ronald Rodgers, computer software entrepreneur, who employed the plaintiff and provided workers' compensation benefits to the plaintiff when she was injured on the job, and Ronald Rodgers, dog owner, who incurred liability for damages when his pet attacked an employee of Ronald Rodgers,

shall constitute a release to the insured of all claims or demands at common law, if any, arising from the injury."

General Laws c. 152, § 24, states: "An employee shall be held to have waived his right of action at common law . . . in respect to an injury that is compensable under this chapter, to recover damages for personal injuries, if he shall not have given his employer . . . written notice that he claimed such right . . . ."

It is undisputed that the plaintiff received workers' compensation benefits in excess of $13,000. It is also undisputed that she did not notify her employer in writing of her intent to retain her common law rights pursuant to G. L. c. 152, § 24. Unless she succeeds in splitting the defendant's business persona from his dog owner persona, she is barred by statute from asserting her claim.

computer software entrepreneur. This court has never explicitly adopted the theory urged upon us by the plaintiff. We have, however, alluded favorably to the theory and to foreign cases which apply it, see, e.g., *Gurry* v. *Cumberland Farms, Inc.*, 406 Mass. 615, 620-621 (1990); *Longever* v. *Revere Copper & Brass Inc.*, 381 Mass. 221, 223 (1980) (dual capacity doctrine). But see *Ryder's Case*, 341 Mass. 661 (1961) (the same individual may not be both employee and employer for purposes of the Act).

The dual persona theory provides that an employer may be regarded as a third party and thus be subject to suit, if the employer's liability to the injured employee "derives from a 'second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person.'" *Gurry*, *supra* at 620-621, quoting 2A A. Larson, Workmen's Compensation § 72.80 at 14-229 (1988 ed.). The relevant inquiry in a dual persona allegation is not whether a separate theory of liability could be argued against the same legal person, but rather whether the controversy involves a separate legal entity.[3]

The defendant, Ronald Rodgers, is a single legal entity. His business, Nexus Computer, is not incorporated. "Nexus Computer" is merely a trade name under which Rodgers, the individual, conducted his business. In *Searcy* v. *Paul*, 20 Mass. App. Ct. 134 (1985), the Appeals Court held that an injured employee may bring an action for negligence "against third parties, either individuals or corporations, even if in some degree affiliated with the insured employer corporation." *Id.* at 139. The Appeals Court found no basis to disregard the "corporate fiction" in order to immunize distinct legal entities from suit. Similarly, we find no reason to manufacture a new type of constructive corporate fiction designed to strip the defendant of the protection the Legislature has provided.

---

[3]The former inquiry is relevant to the "dual capacity" theory of liability, a theory which we have described as "discredited." *Gurry*, *supra* at 621.

This court has allowed an employee covered by workers' compensation to maintain an action against his employer for damages arising from a workplace injury in only one case. In *Gurry* v. *Cumberland Farms, Inc.*, 406 Mass. 615 (1990), an employee was killed on the job when a machine of allegedly negligent design and manufacture malfunctioned. The machine had been designed, built, and sold by a corporation which was later acquired by the plaintiff's employer. This court allowed plaintiff's estate to maintain its action. We did so despite the general rule set down in *Longever* v. *Revere Copper & Brass Inc.*, 381 Mass. 221 (1980), that an employer who manufactures tools and machines used in the workplace does not thereby acquire a distinct persona for purposes of the Act.

*Gurry* stands for the proposition that liability, whether actual or potential, arising out of conduct antedating a corporate merger will not evaporate merely because the liable corporation merges with the employer of the injured party. That decision rested more on the statutory directive that third-party liabilities not be extinguished through corporate mergers than it did on the dual persona exception to the exclusivity provisions of the Act. See *Gurry, supra* at 619; G. L. c. 156B, § 80 (*b*) (1988 ed.).

The instances in which a single legal entity (an individual or a corporation) will be liable under both the workers' compensation scheme and in a lawsuit for a single injury arising out of a single workplace incident are very rare. In the absence of a statutory "override" akin to the corporate merger statute in *Gurry*, such a result may be impossible.[4]

---

[4]By this we do not necessarily preclude actions such as those at issue in *Duprey* v. *Shane*, 39 Cal. 2d 781 (1952), or *Guy* v. *Arthur H. Thomas Co.*, 55 Ohio St. 2d 183 (1978). In those cases, an employee of a hospital (or, in the case of *Duprey*, a chiropractor) was injured on the job. Each sought medical treatment for her work-related injury from her employer, and in each case such treatment was allegedly negligent, resulting in further harm to the employee. Both courts allowed the employees to maintain malpractice suits against their employers despite exclusivity provisions similar to those at issue here. Those cases, however, involve two incidents rather than one. The "dual persona" of the employer was, at any given

Moreover, under the dual persona theory, a second function of a single entity results in a second persona only when that function generates obligations unrelated to the entity's status as employer. See, e.g., *Schweiner* v. *Hartford Accident & Indem. Co.*, 120 Wis. 2d 344, 352-353 (Ct. App. 1984). Here the obligations generated by Rodgers in his capacity as dog owner are related to his obligations as an employer. As an employer, Rodgers had the duty to provide a safe work environment. See *Longever, supra* at 223. As a dog owner, Rodgers was liable for injuries caused by his pet. G. L. c. 140, § 155 (1988 ed.). When the dog attacked the plaintiff at work, both duties were simultaneously violated. This is a case in which there are two theories of recovery rather than two legal persons. Therefore, plaintiff's argument is in reality an invocation of the discredited dual capacity theory. See *Gurry, supra* at 621.

As we have already indicated, "[a]ny change in compensation law which would permit a covered employee to recover compensation benefits and, in addition, permit litigation by the employee against his employer to recover for an injury clearly covered by the Workmen's Compensation Act is a public policy decision for the Legislature." *Longever* v. *Revere Copper & Brass Inc.*, 381 Mass. 221, 226 (1980). The Legislature has declined to change the statute in this regard,

---

time, only a single persona and for each given injury, only a single method of compensation directly applied.

An employee may receive workers' compensation benefits only for injuries which arise "out of and in the course of his employment." G. L. c. 152, § 26. Therefore, an employee of a physician who sought his employer's medical attention for an injury unrelated to work would be unable to receive workers' compensation benefits if malpractice occurred, despite the employment relationship. Similarly, the original workplace injury which necessitates subsequent medical treatment cannot give rise to a lawsuit against the employer. See *Duprey, supra* at 790; *Guy, supra* at 185-186.

Thus, in the physician-employer cases, the employer has only one persona with respect to each incident; he possesses a "dual persona" only with respect to the injury as a whole. We neither endorse nor preclude such an action but leave it rather for another day.

and we are no more inclined to alter the statutory scheme today than we were a decade ago.

*Judgment affirmed.*