Sosman, J.
Plaintiff Suzanne Wade has brought the present action complaining of personal injuries she sustained in a fall on the steps of defendants’ residence, her place of employment. Defendants have moved for summary judgment on the ground that plaintiffs claim is barred by the Workers’ Compensation Act, G.L.c. 152, §23. For the following reasons, defendants’ motion is allowed.
Facts
The following facts are undisputed:
Plaintiff was employed as a bookkeeper by Park Place Realty Trust (the Trust). Defendants Bobbie Hutchins and Stanley Schikowitz are the Trustees of the Trust and operate their Trust business out of their home at 3 Old Brook Drive, Worcester. Title to the premises is in the name of defendants individually, not as Trustees of the Trust. Plaintiffs regular place of work was at the defendants’ home, where the business of the Trust was conducted.
On January 16, 1991, plaintiff fell on the steps of the premises at 3 Old Brook Drive. Plaintiff had been at work at the premises and was leaving work at the time of her fall.
Plaintiff claimed and received workers’ compensation benefits from the Trust’s insurer on account of the injuries sustained in her workplace accident. Plaintiff has now sued Hutchins and Schikowitz individually for their alleged negligent maintenance of the premises.
Discussion
The Workers’ Compensation Act provides that if an injured employee accepts payment of compensation from the employer’s workers’ compensation insurer the employer is released from all common law claims arising from the injury. G.L.c. 152, §23. While an injured employee receiving workers’ compensation benefits may not sue her employer, the employee may bring tort claims against third parties who may be liable for the injuries. G.L.c. 152, §15.
Plaintiff asserts that defendants Hutchins and Schikowitz employed her in their capacity as Trustees of the Trust, but that defendants owned the premises in their individual capacity and may therefore be sued in their individual capacity as third parties allegedly responsible for her injury. Plaintiff relies on the so-called “dual persona” theory, adopted in other jurisdictions, under which an employer may be considered a liable third party if liability “derives from a ‘second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person.’ ” Gurry v. Cumberland Farms, Inc., 406 Mass. 615, 620-21 (1990), quoting 2A A. Larson, Workmen’s Compensation §72.80 at 14-229 (1988 ed.).[1] Under this theory, “a second function of a single entity results in a second persona only when that function generates obligations unrelated to the entity’s status as employer.” Barrett v. Rodgers, 408 Mass. 614, 619 (1990). Thus, in rare circumstances, an employer’s actions unrelated to its status as employer may give rise to tort liability, notwithstanding the exclusivity provisions of the Workers’ Compensation Act.
Applied to the undisputed facts of the present case, the “dual persona” theory does not assist plaintiff *175 Wade. While Hutchins and Schikowitz acting in their capacity as Trustees are legally distinguishable from Hutchins and Schikowitz acting individually, their individual status as owners of the work premises is not “so completely independent from and unrelated to [their] status as employer” as to make it appropriate to impose individual liability for work-related injuries. Hutchins and Schikowitz operate their real estate business out of their home. That business involves the purchase and sale of real estate, the real estate being held in the Trust with Hutchins and Schikowitz as Trustees. Plaintiffs regular place of employment was the defendants’ home. That Hutchins and Schikowitz have availed themselves of the device of a trust to hold real estate does not make their capacity as trustees so separate and distinct from their capacity as owners of the work premises as to warrant imposition of individual tort liability.
The present case is most closely analogous to Holt v. City of Boston, 24 Mass.App.Ct. 175 (1987). An employee at Boston City Hospital received her paycheck from the statutorily created corporate entity that owned the hospital property and funds. Having received workers’ compensation benefits, the hospital employee then brought a tort claim against the City, arguing that the City was separate and distinct from the corporate entity that held the assets of the hospital. The court rejected that argument, reasoning that the use of the corporate form by the City as a means to segregate and hold funds did not make the City a separate third party for purposes of G.L.c. 152, §15.
The same is true in the present case. Hutchins’s and Schikowitz’s use of a realty trust as the form in which to hold their business’ assets does not strip them of the protection of the exclusivity provision of the Workers’ Compensation Act.
Similarly, the obligations of Hutchins and Schikowitz as employers of Wade include the obligation to provide a safe work place. That obligation completely overlaps their obligation as property owners to maintain the premises in a reasonably safe condition. Where the obligations being sued on relate to the obligations of defendant as employer, the “dual persona” theory is not applicable. See Barrett v. Rodgers, 408 Mass. 614, 619 (1990) (no liability of individual doing business under a trade name when his dog bit an employee, as liability for injuries caused by his pet was related to obligation to provide a safe place of work).
Allowing Wade to sue Hutchins and Schikowitz individually for her work-related injury would elevate form over substance in a way contrary to the purposes of the Workers’ Compensation Act. Having obtained the requisite workers’ compensation insurance for the business conducted in their home, Hutchins and Schikowitz should not be personally liable for an employee’s injuries occurring while at that home. Nothing in this case brings it within those “very rare” instances where an injured employee may both receive workers’ compensation benefits and sue the individual or entity who employed her. See Barrett, 408 Mass. at 618.
ORDER
For the foregoing reasons, defendants’ motion for summary judgment is ALLOWED and it is hereby ORDERED that judgment be entered in favor of defendants.

Massachusetts case law has not expressly adopted the “dual persona” theory, but has discussed it and cited it with approval. See Barrett v. Rodgers, 408 Mass. 614, 616-17 (1990).