Lopez, J.
Plaintiffs bring this action against Defendants Brigham and Women’s Hospital, Inc. (the “Hospital”), the Brigham Medical Center, Inc., and Partners Healthcare System, Inc. seeking damages for physical, mental, and emotional injuries which allegedly resulted from poor ventilation and indoor air quality problems at the Hospital. The Hospital now moves for dismissal pursuant to Mass.R.Civ.P. 12(b)(6) on the ground that the exclusivity provisions of the Massachusetts Workers’ Compensation Act (the “Act”), G.L.c. 152, §§23 and 24 (1994 ed.), bar plaintiffs’ common law tort claims. For the reasons set forth below, the Hospital’s motion to dismiss is ALLOWED.
BACKGROUND
Plaintiffs are fifteen individuals who worked at the Brigham and Women’s Hospital in Boston, Massachusetts. In 1993, the Hospital opened an auxiliary air shaft and took other measures to accommodate construction activities for the Hospital’s Center for Women and Newborns. Shortly thereafter, plaintiffs, who worked in various locations at the Hospital, allegedly experienced a variety of physical symptoms such as dizziness, headaches, fatigue, and Multiple Chemical Sensitivity (“MCS") due to faulty ventilation and poor indoor air quality problems at the Hospital. They also claim that they experienced mental anguish.
As a result of their alleged injuries, plaintiffs were found to be either partially or totally disabled from their former jobs at the Hospital and received workers’ compensation benefits. However, at the time their employment commenced, plaintiffs never gave the Hospital notice that they chose to preserve their common law rights of action, rather than accept workers’ compensation.
On August 2, 1996, plaintiffs brought the present action to recover damages for their alleged physical, mental, and emotional injuries resulting from the faulty ventilation and indoor air quality problems at the Hospital on the grounds of negligence, gross negligence, and strict liability. On October 10, 1996, the Hospital filed a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), stating that the Workers’ Compensation Act is plaintiffs’ sole remedy for their alleged injuries.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take the allegations of the complaint, as well as any inferences which can be drawn therefrom in the plaintiffs favor, as true. Eval v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
“[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville, supra, at 89; see New Eng. Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28, 29 (1988) (when passing on a motion to dismiss, court must accord complaint a “generous reading”). Further, a complaint should not be dismissed simply because it asserts a new or extreme theory of liability or improbable facts. Bell v. Mazza, 394 Mass. 176, 183 (1985); New Eng. Insulation Co., supra, at 30; Jenkins v. Jenkins, 15 Mass.App.Ct. 934 (1983). All inferences should be drawn in the plaintiffs favor and the complaint “is to be construed so as to do substantial justice ...” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 924, 926 (1991).
The exclusivity provisions of the Massachusetts Workers’ Compensation Act, G.L.c. 152, §§23 and 24, bar common law tort claims. Under §23 of the Act, an employee who files a claim or accepts payment of compensation for personal injury consequently releases the insurer and insured “of all claims or demands at common law, if any, arising from the injury.” Section 24 provides that an employee waives the right to pursue an action at common law “in respect to an injury that is compensable under this chapter, to recover damages for personal injuries, if he shall not have given his employer, at the time of his contract or hire, written notice that he claimed such right ...” Both provisions bar common law tort claims only if: 1) the plaintiff is an employee; 2) the plaintiffs condition is a personal injury within the meaning of the Act; and 3) the injury arose “out of and in the course of employment.” Foley v. Polaroid Corp., 381 Mass. 545, 548-49 (1980) [Foley I).
The Hospital argues that the Act bars plaintiffs’ common law tort claims because their alleged injuries are compensable personal injuries within the meaning of G.L.c. 152, §1(7A) (1994 ed.). Under §1(7A), “ ‘personal injury’ includes infectious or contagious diseases if the nature of the employment is such that the hazard of contracting such diseases by an employee is inherent in the employment” (emphasis added). The statute’s inclusive language, the Hospital asserts, demonstrates that the term “personal injury” is not limited only to diseases inherent in employment. Therefore, because their alleged physical, mental, and *342 emotional injuries occurred in the course of their employment, the Hospital contends that plaintiffs sustained personal injuries for which worker’s compensation provides the sole remedy.
Plaintiffs, however, maintain that the exclusivity of worker’s compensation does not bar this action because their alleged injuries stem from MCS, an infectious or contagious disease which purportedly does not constitute a personal injury within the meaning of §1(7A). Construing §1(7A) narrowly, plaintiffs argue that an infectious or contagious disease which is not inherent in employment is, therefore, also not a compensable personal injury. They claim that MCS is not a personal injury under §1(7A) because contracting it is not “essentially characteristic” of working at a hospital. Because §1(7A) limits personal injuries to those inherent in the nature of employment, plaintiffs contend that they may pursue their common law tort claims.
To define the actual scope of the term “personal injury” under §1(7A), the court must rely on the principles of statutory construction. It is well-established that a statute must be construed in a manner that gives effect to the Legislature’s purpose. Champigny v. Commonwealth, 422 Mass. 249, 251 (1996). To this end, the court must consider the statutory language as well as “the purpose and remedies intended to be advanced.” Clean Harbors of Braintree, Inc. v. Board of Health of Braintree, 415 Mass. 876 (1993); see Champigny, supra, at 251; Neff v. Commissioner of the Dep’t of Indus. Accidents, 421 Mass. 70, 73 (1995).
The meaning of personal injury under §1(7A) encompasses plaintiffs’ alleged physical, mental, and emotional injuries because the statute rises inclusive language to define the term. When the word “includes” is contained in statutory language, it is “ordinarily [a word] of enlargement and not of limitation.” In re Marriage of Angoco, 27 Cal.App. 4th 1527, 1534; 33 Cal.Rptr.2d 305, 309 (1994). By using the word “includes,” the plain language of §1(7A) clearly illustrates that the term “personal injury” is not limited to infectious or contagious diseases inherent in employment. Furthermore, it is evident from reading §1(7A) in its entirety that “personal injury” is a broad term because the provision further explains what shall be included in or excluded from the definition of personal injury.[3] In light of this broad, inclusive statutory language, it is clear that plaintiffs’ alleged injuries fall within the scope of §1(7A).
Moreover, the Act’s objective to compensate employees for workplace injuries regardless of fault demonstrates that the term “personal injury" must be construed broadly. In enacting the statute, the Legislature intended to both guarantee that employees receive payment for workplace injuries regardless of fault from insurers and bar additional recovery from employers through common law tort claims. Barrett v. Rodgers, 408 Mass. 614, 616 (1990). In light of this objective, the Supreme Judicial Court has recognized that the exclusivity provisions of the Act are very broad, especially since the Legislature has chosen not to narrow their scope. Berger v. H.P. Hood, Inc., 416 Mass. 652, 656 (1993). Because the worker’s compensation scheme as a whole is broad, it is evident that the Legislature intended that the term “personal injury” likewise be construed broadly.
Moreover, the 1941 Amendment of the Act illustrates that the term “personal injury” is broad. When originally passed, the Act contained no definition of personal injury. Consequently, the Supreme Judicial Court limited personal injuries to those directly caused by employment and to diseases “traceable directly to, a personal injury peculiar to the employment.” Maggelet’s Case, 228 Mass. 57, 61 (1917). In response to the Court’s denial of worker’s compensation to the family of a hospital employee who contracted and died of tuberculosis due to inhaling germs while working in a tuberculosis ward in Smith’s Case, 307 Mass. 516 (1943), in 1941, the Legislature enacted §1(7A), which expanded the definition of personal injury to include infectious or contagious diseases if contracting them is inherent in the nature of the employment. Despite plaintiffs’ contentions, it is unlikely that the Legislature intended for common law tort claims to be available if an infectious or contagious disease is not inherent in employment because such a result would “negate the intended purpose of the Workers’ Compensation Act to provide a uniform, statutory remedy for injured workers in contrast to a piecemeal tort based system.” Green v. Wyman-Gordon Co., 422 Mass. 551, 560 (1996), quoting Catalano v. First Essex Sav. Bank, 37 Mass.App.Ct. 377, 380 (1994). Accordingly, the term “personal injury” under §1(7A) is sufficiently broad to encompass plaintiffs’ alleged physical, mental, and emotional injuries.
Plaintiffs argue that this case is controlled by Perron’s Case, 325 Mass. 6 (1949), and not Doe v. Purity Supreme, Inc., 422 Mass. 563 (1996). Relying on Perron’s Case, plaintiffs argue that it is an issue of fact whether the likelihood of contracting an infectious or contagious disease such as MCS is so essentially characteristic of employment as to be inherent therein. However, plaintiffs’ reliance on Perron’s Case is misplaced. That case was an appeal by the City of Worcester from a decree of the Superior Court, affirming the Industrial Accident Board’s (“Board”) finding that an employee’s tuberculosis was a “personal injury” within the meaning of §1(7A). The Supreme Judicial Court found the Board’s finding and Superior Court decree based on that finding to be without error. Reference in that case to a factual determination of personal injury concerned the finding made by the Board. In this case, the Board has awarded plaintiffs workmen’s compensation, and, thus, has found that *343 plaintiffs’ MCS is a personal injury within the meaning of §1(7A).
Under current Massachusetts law, it is clear that a determination of a personal injury under §1(7A) focuses on “the nature of the claims, not the source of the injuries.” Doe, supra, at 566. An injury “arises out of employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects.” Id. Thus, whether MCS is an infectious or contagious disease essentially characteristic of hospital employment is irrelevant to the question of whether plaintiffs’ alleged personal injuries arose from their employment.
It is undisputed that plaintiffs were employees of the Hospital at the time of their alleged physical, mental, and emotional injuries. Furthermore, it is also undisputed that plaintiffs incurred their alleged injuries in the course of their employment. Because the term “personal injury” under §1(7A) is broad, plaintiffs’ alleged injuries fall within the scope of the worker’s compensation statute. Therefore, because they have already received workers’ compensation benefits and waived their rights to pursue common law claims for personal injuries incurred during the course of employment, plaintiffs’ claims against the Hospital are barred by §§23 and 24 of the Act.
ORDER
For the foregoing reasons, it is hereby ORDERED that Defendant Brigham and Women’s Hospital, Inc.’s Motion to Dismiss is ALLOWED.

 Section 1 (7A) also states that “(p)ersonal injury” shall not include any injury resulting from an employee’s purely voluntary participation in any recreational activity... even though the employer pays some or all of the cost thereof. Personal injuries shall include mental or emotional disabilities only where the predominant contributing cause of such disability is an event or series of events occurring within any employment (emphasis added).