Cratsley, John C., J.
Defendant National School Bus Services, Inc. (“National School Bus”) has filed for summary judgment with respect to plaintiff Charles Hoy’s claim for negligence and plaintiff Janice Hoy’s claim for loss of consortium. Defendant National School Bus argues that plaintiffs cannot pursue their claims against National School Bus because National School Bus ceased to exist in 1997 when it merged into Laidlaw Transit, Inc. (“Laidlaw”), and that plaintiffs cannot pursue their claims against Laidlaw because they are barred under the exclusivity provisions of the workers’ compensation statute. Plaintiffs argue that there is a dispute of material fact as to whether National School Bus actually ceased to exist in 1997 and, even if it did cease to exist, that Laidlaw may still be liable for civil damages under the “dual persona” theory.
Statement of the Facts
The following facts are based on the summary judgment record which consists of answers to interrogatories, state records, a letter written by one of the parties, and a lease entered into by one of the parties. On June 30, 1995, National School Bus entered into a lease with Steven Kaitz and Louis Kaitz, as Trustees of the National Readville Realty Trust (“The Landlord”), for property at 39 Sprague Street, Hyde Park, MA. On April 1, 1997, National School Bus merged into Laidlaw. See Certificate of Ownership and Merger Merging National School Bus Service, Inc. into Laidlaw Transit, Inc. (January, 6 2005). In a letter dated June 6, 1998, National School Bus elected to exercise an option under the lease to purchase property. See Letter from Paul E. Keith, Area General Manager, National School Bus Service, Inc. to Steven Kaitz (June, 29 1998). National School Bus agreed to extend and modify the lease on December 16, 1998. See First Amendment of Lease between National Readville Realty Trust and National School Bus Service, Inc. (December, 16 1998).
Laidlaw hired Charles Hoy as a bus driver on January 8, 2002. See Charles Hoy’s Answers to Interrogatories, ans. 13, p. 6. There is no evidence that he gave notice upon his hiring that he was opting out of the workers’ compensation system. Hoy claims that he was injured while at work on January 8, 2002, when he slipped and fell in the parking lot on the leased property after he had parked and exited his bus and was walking towards the dispatcher’s office. See Id. Charles Hoy has sued National School Bus and the Landlord for negligence. Janice Hoy has sued National School Bus and the Landlord for loss of consortium.
Discussion
A. National School Bus Service, Inc. Ceased to Exist on April 1, 1997
Under Massachusetts law, “The separate existence of all the constituent corporations parties to the agreement of consolidation or merger, except any corporation into which any other constituent corporation or corporations have been merged, shall cease.” G.L.c. 156B, §80(1). The corporation that emerges from a merger assumes “all of the estate, property, rights, privileges, powers and franchises” and “all liabilities and obligations” of the subsumed corporation. Id. §80(5). Under the clear language of the merger statute, National School Bus ceased to exist after it was merged into Laidlaw. As a result of the merger, Laidlaw assumed all of the estate, property, rights, privileges, powers, franchises, liabilities and obligations of National School Bus, including those created by the tenancy agreement for the property upon which Charles Hoy slipped and fell.
The plaintiffs seek to defeat summary judgment by claiming that there is a dispute of material fact as to whether National School Bus ceased to exist in April 1997. Their factual assertions are (1) that in June 1998 National School Bus attempted to exercise an option to purchase land and (2) that in December 1998 it ratified an extension of a lease. See Letter from Paul E. Keith, Area General Manager, National School Bus Service, Inc. to Steven Kaitz (June 29, 1998); First Amendment of Lease between National Readville Realty Trust and National School Bus Service, Inc. (December 16, 1998).
The plaintiffs argue that these activities are not allowed under the “winding down” provision of G.L.c. 156B, §102 because they constitute the carrying on of regular business. Therefore, they assert that National School Bus may be subject to revival under G.L.c. 156B, §108, and thus should remain a defendant in this case.
The rules regarding the dissolution and revival of a corporation as outlined in G.L.c. 156B, §102 and G.L.c. 156B, §108 cannot be appropriately applied to the situation in this case as a matter of law. Here the undisputed facts at the summary judgment stage reveal that National School Bus ceased to exist because it was merged with another corporation. The defendant presents a certificate of ownership and merger from the State of Delaware merging National School Bus into Laidlaw. See Certificate of Ownership and Merger merging National School Bus Service, Inc. into Laidlaw Transit, Inc. (January 6, 2005). The plaintiff does not present evidence at this summary judgment stage that would cast any doubt on the validity of this document.
The plaintiffs present no cases in which corporations that have ceased to exist because they have been merged into another corporation have been subject to a three-year winding down period or have been re *431 vived. Indeed, it would make no sense to apply these provisions to the situation in which a corporation ceases to exist because it has been merged with another corporation.
The plaintiffs point out that the language of Section 102 says that the section’s provisions regarding the three-year winding down period apply to “Every corporation whose corporate existence for other purposes is terminated (1) by dissolution under the provisions of section ninety-nine, one hundred, or one hundred and one, (2) by the expiration of the period for its duration limited by its articles of organization, or (3) in any other manner.” As a matter of law, this admittedly broad statute could not reasonably be construed to apply to a company like National School Bus whose corporate existence is terminated because it is merged out of existence. Such a corporation has no need for a “winding down” period during which it can prosecute and defend suits, settle and close its affairs, dispose of and convey property because any and all of these activities could be conducted by the surviving or newly created corporation.
Similarly, it would make no sense to apply the revival provision of Section 108 to a company that like National School Bus has been merged out of existence. There is no need to revive such a corporation in order to pursue a lawsuit or compel the defunct company to perform some act because, as discussed above, the corporation that emerges from a merger assumes “all of the estate, property, rights, privileges, powers and franchises” and “all liabilities and obligations” of the subsumed corporation. G.L.c. 156B, §80(5). These are all transferred and vested in the surviving or newly created corporation. Id. Further, reviving such a company would entail not simply bringing a dissolved corporation back to life but also voiding a merger. There is no language in Section 108 to indicate that the statute contemplates such a result.
Even assuming that National School Bus was in violation of the three-year winding down rule and that it was subject to revival, which is not the case, the isolated factual assertions of the plaintiffs regarding the two events tied to National School Bus in 1998 are so remote in time from the accident in 2002 as to raise no material issue as to the existence of National School Bus at the time of the plaintiff Charles Hoy’s accident.
B. The Exclusivity Provision of the Workers’ Compensation Statute WOULD BAR Charles Hoy’s Negligence Claim and Janice Hoy’s Claim for Loss of Consortium AGAINST LAIDLAW
Unless an employee has opted out of the workers’ compensation system at the time of hiring, the exclusivity provision of the workers’ compensation statute bars an employee’s common law action against his employer when the claim is compensable under G.L.c. 152. See Fredette v. Simpson, 440 Mass. 263, 266 (2003). A claim is compensable under c. 152 where the plaintiff is shown to be an employee, where the plaintiff has been injured within the meaning of the compensation act, and where the injury is shown to have arisen out of and in the course of the plaintiffs employment. G.L.c. 152, §24; Green v. Wyman-Gordon Co., 422 Mass. 551, 558 (1996); Foley v. Polaroid Corp., 381 Mass. 545, 548-49 (1980). When an employee does not opt out of the workers’ compensation system, an employee’s spouse is barred from asserting a claim for loss of consortium against the employer when such a claim results from any injury to the employee that is compensable under G.L.c. 152.
In this case, it is undisputed that Charles Hoy was an employee of Laidlaw and that his injury arose in the scope of his employment. Since this Court finds as a matter of law that Laidlaw assumed all obligations of National School Bus relating to the leased property on which the injury occurred, plaintiffs’ claims are barred under the exclusivity provision of the workers’ compensation statute because there is no evidence that plaintiff Charles Hoy opted out of the compensation system.
Plaintiffs further claim that, even if Laidlaw was both the holder of the lease and Charles Hoy’s employer, under the “dual persona” theory Laidlaw may still be liable for civil damages despite the exclusivity provisions of the workers’ compensation statute. Under the dual persona theory, “if an employer’s liability to an injured worker derives from a ‘second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person,’ the employer is not immunized under the workers’ compensation law, but is rather regarded as a third party.” Gurry v. Cumberland Farms, Inc., 406 Mass. 615, 620-21, 550 N.E.2d 127 (1990), quoting2A A. Larson, Workmen’s Compensation §72.80 at 14-229 (1988 ed.). A second function of a single entity results in a second persona only when that function generates obligations unrelated to the entity’s status as employer. Barrett, 408 Mass at 619.
Massachusetts courts have been extremely hesitant to apply the dual persona theory. While they have discussed it approvingly, no appellate court has explicitly adopted the theory. Barrett v. Rodgers, 408 Mass. 614, 617, 562 N.E.2d 480 (1990); Perkins v. Commonwealth, 52 Mass.App.Ct. 175, 176 (2001). In Wade v. Hutchins, a Superior Court judge held that a defendant’s status as an employer is not so independent and unrelated to a defendant’s status as an owner of the work premises as to establish the existence of two separate legal entities. 4 Mass. L. Rptr. 174, 174-75 (Mass.Super., 1995). Judge Sosman wrote that the second function of the defendant as a landowner did not generate additional obligations because the defendant’s duty as property owner to maintain the premises in a reasonably safe condition overlapped the *432 defendant’s duty as employer to provide a safe work place. Id.
In this case, Laidlaw possessed overlapping obligations as an employer and a manager of the property. Similar to the defendant in Wade, the second function of the defendant as a manager of the land did not generate additional obligations because the defendant’s duty as manager of the property to maintain the premises in a reasonably safe condition overlapped their duty as employers to provide a safe work place.
Order
For all of the above reasons, and because there are no material disputed issues of fact, this court grants Defendant National School Bus’s motion for summary judgment and requests that National School Bus file a motion for separate and final judgment, with notice to all parties. Furthermore, as the exclusivity provisions of the workers’ compensation statute would bar plaintiffs’ negligence and loss of consortium claims against Laidlaw, any amendment to plaintiffs complaint adding Laidlaw as a defendant would be without legal merit and pointless.