Wrenn, Daniel M., J.
The plaintiff in a one-count complaint has sued the defendant Salitsky Alloys, Inc. (Salitsky). The lawsuit arises out of an incident which occurred on April 7, 2008, when Mr. Coppola while working for Salitsky at its premises located in Holden, Massachusetts allegedly “walked head first into a forklift.” See Statement of Undisputed Facts Nos. 1-3.
The case has been the subject of active litigation and most recently the defendant has filed a Motion for Summary Judgment.
FACTS
The undisputed facts in this case provide that the incident in question occurred on April 7, 2008 at the defendant’s premises at 35 Industrial Drive, Holden, Massachusetts. At that time, the plaintiff alleges that he walked head first into a forklift while working under the direction and control of the defendant. Mr. Coppola as of that time considered the defendant to be his employer. Mr. Coppola had worked full time for the defendant for six months prior to the date of the alleged incident.
Mr. Coppola was hired by the defendant. The defendant set the hourly wages, work schedule, provided daily direction and supervision regarding the plaintiffs job functions, interviewed Mr. Coppola for the position and in fact the defendant was not required to employ Mr. Coppola and the defendant had sole discretion to employ or terminate Mr. Coppola’s employment at any time. See generally Statement of Undisputed Facts 1 through 23.
Once the plaintiff was hired by the defendant, Mr. Coppola was assigned to Metz Personnel, Inc. (Metz). The sole involvement of Metz in Mr. Coppola’s employment was Metz’s payment to the plaintiff of wages, the withholding of state and federal taxes from the plaintiffs paycheck and providing unemployment and workmens’ compensation insurance for Mr. Coppola. It is undisputed that Metz did not provide any training for Mr. Coppola, did not participate in any way in the hiring of Mr. Coppola and provided no direction and control on a day to day basis regarding the types of work that Mr. Coppola undertook, his schedule for work or his overall work performance. In addition, following the workplace incident, Metz submitted to the Workmens’ Compensation Insurer Liberty Mutual, the Workmens’ Compensation claim which claim was subsequently paid by the insurer. In addition, at the time of the incident, the defendant had its own Workmens’ Compensation Insurance Policy that covered workplace injuries to its employees.
The plaintiff claims that Paragraph 13 of the Statement of Undisputed Facts is in fact undisputed, that is the plaintiff disputes that the defendant retained the sole right to discipline Coppola or to terminate his employment at any time. While the plaintiff asserts there is a dispute as to that issue, the plaintiff offers no affidavit or other evidence to assert that position beyond stating a legal conclusion that “Coppola was an employee at will of Metz Personnel.” Such a conclusory statement is of little utility into trying to determine the nature and extent of the parties’ legal relationships. Delia v. Verizon Communications, Inc., 656 Fd.3d (1st Cir. 2011).
DISCUSSION
A party seeking summary judgment must demonstrate, viewing the evidence in the light most favorable to the nonmoving party, all material facts having been established, that the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56.
Generally, the Massachusetts Workmens’ Compensation Act bars employees from recovering against their employers for injuries received on the job. Barrett v. Rogers, 408 Mass. 614 (1990). An injured employee retains the right, however, to bring suit against third parties who may be liable for injuries compensable under the Massachusetts Act. See, M.G.L.c. 152, §15.
In short for an employer to be immunized pursuant to the Workmens’ Compensation Act, a direct employment relationship must exist between the injured parly and the person claiming immunity and the employer must be an insured person liable for the payment of compensation. Fleming v. Shaheen Brothers, Inc., 71 Mass.App.Ct. 223 (2008).
In the present case, the undisputed facts establish that the plaintiff was interviewed, hired and thereafter in all ways managed, supervised, directed and controlled by the defendant on a day to day basis in regard to his employment duties and responsibilities. The only role that Metz had in regard to the plaintiffs employment was paying his wages and taking care of other financial components of his employment such as federal and state tax issues as well as insurance related issues. Thus, on the undisputed facts in this matter, the plaintiff was directly employed by the *57 defendant who was his general and in fact only employer pursuant to the undisputed facts in this matter. In addition, while the defendant’s workmens’ compensation insurer did not pay the claim in this matter, the test is not whether payment was made, the test is whether the defendant was an insured person liable for the payment of compensation. Thus, Metz’s payment of the plaintiffs Workmens’ Compensation Insurance has no bearing on the issue of immunity. To satisfy the second prong of the immunity test, the insured person must only be “liable for the payment of compensation.” Lang v. Edward J. Lamothe Company, 20 Mass.App.Ct. 231, 232 (1985).
The plaintiff in opposition to the motion has asserted that Metz is to be considered a general employer for the plaintiff and the defendant is a special employer such that M.G.L.c. 152, §18 is applicable. However, in order for Metz to be considered a general employer there must be facts that demonstrate that Metz exercised direction and control over the plaintiffs work duties. The performance of payroll functions does not amount to a working relationship and is not sufficient to demonstrate the type of direction and control required under the applicable statute. Fleming v. Shaheen Brothers, Inc., 71 Mass.App.Ct. 223 (2008).
The undisputed facts in this case and the legal issues raised are on all fours in line with the case of Fleming v. Shaheen Brothers, Inc., cited above and in fact is governed by that case law.
CONCLUSION
Based on the above court findings and analysis the Defendant’s Motion for Summary Judgment is herewith ALLOWED and the Plaintiffs Complaint is DISMISSED in full.